WOODWARD HARDWARE COMPANY, Appellant, v. W. W. FISHER et al.

Division One, December 20, 1916.

1. **CORPORATIONS: Failure to Register: Penal Statute: Civil Liability.** The Corporation Registration Act of 1913, Laws 1913, p. 171, is penal in its nature, and must be strictly construed in determining the liability of the directors of a corporation, as partners, for its debts.

2. ———: ———: **Power of Secretary of State to Forfeit Charter.** The charter of a corporation doing business in this State cannot be forfeited solely because it has failed to file its return as required by the Corporation Registration Act. Before the Secretary of State can declare a forfeiture and cancel the certificate of such a cor-

poration, he must have on file in his office the certificate of the recorder of deeds of the county in which said corporation is located, showing that the name of the corporation so failing was posted in his office for twenty days as required by section 8 of the act, etc.

3. ———: ———: Business Before Forfeiture: Prosecution. No prosecution can legally be sustained against the incorporators for an exercise or attempt to exercise its corporate privileges and powers, nor can the directors be held personally liable as partners for its debts, until the charter rights and privileges of a corporation to do business in this State have been forfeited and cancelled by the Secretary of State, as provided by sections 12 and 20 of the Act of 1913. It is only for acts or business transactions done after the forfeiture of the charter that the directors can be held to be either criminally or civilly liable.

4. ———: ———: Date of Forfeiture. The date on which the forfeiture and cancellation of the charter of a corporation are actually entered upon the books in the office of the Secretary of State, and not some previous day on which the entry recites the charter had been forfeited and cancelled, is the true date of the forfeiture and cancellation.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Russell & Joslyn* for appellant.

(1) There is no question but what the Union Warehouse & Implement Company violated the provisions of the act in failing to comply with sections 3, 4 and 5, Laws 1913, p. 171, and, according to section 10, its corporate rights and privileges were forfeited. 2 Bouvier's Law Dictionary (3 Ed.), p. 1280. (2) Failure of the corporation to comply with sections 3, 4 and 5 of the act before the first day of December, 1913, was a violation of the law, and, *ipso facto,* forfeited the charter of the corporation, and no clerical act of the Secretary of State was necessary to make the forfeiture effective. Ford v. Railroad, 52 Mo. App. 439. (3) Under this act, section 20, if the debt sued for was the debt of the Union Warehouse & Implement Company, then clearly the defendants who constituted the board of directors are liable. (4) The debt sued for was created

entirely after the passage of the act and after it became effective. It is, therefore, valid and operative against the defendants, even though they may have become directors before its passage. 10 Cyc. 885-g; Falsoner v. Campbell, 8 Fed. Case No. 4620, 2 McLean, 195. (5) The act contains but one subject, and that is clearly expressed in its title. Ferguson v. Gentry, 206 Mo. 189; State ex rel. v. Vandiver, 222 Mo. 206.

*Haw & Brown* for respondents.

(1) The statute under which this action is brought (Laws 1913, pp. 167-174) is highly penal. Kreitzer v. Woodson, 19 Mo. 230; Cary v. Smeltz, 141 Mo. App. 574. The statute is not only penal, but is a criminal statute and should be strictly construed and not extended or enlarged by judicial construction so as to embrace offenses and persons not plainly within its terms. State ex rel. v. Robinson, 253 Mo. 284; State v. McMahon, 234 Mo. 614; State v. Koock, 202 Mo. 235; State v. Reed, 125 Mo. 48. (2) Nowhere does the title clearly express, or even indicate, that the act affects anything except corporations. Officers and directors of corporations, or other individuals, are not mentioned. Section 20 of the act, and other sections, undertake to make officers and directors liable and to inflict fines and penalties on them. The act is, therefore, in violation of the constitutional provision and is void, in so far at least at it undertakes to impose penalties and liabilities on individuals. Constitution, art. 2, sec. 28; State v. Sloan, 258 Mo. 305; State v. Rawlings, 232 Mo. 544; State ex rel. v. Revelle, 257 Mo. 529; State ex rel. v. Gordon, 233 Mo. 387; State v. Fulks, 207 Mo. 26; State v. Coffee & Tea Co., 171 Mo. 634. (3) Section 15, article 2, Constitution, provides that "no *ex post facto* law, nor law impairing the obligations of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be passed by the General Assembly." It will be seen that section 20 of the Act of 1913 undertakes to make

the officers and directors of a corporation "which shall so violate the provisions of this act" liable as partners for the debts of the corporation, presumably all debts, whether incurred before or after the passage of the act. (4) The act in question is void because too vague, indefinite and uncertain to be capable of practical construction and enforcement. It fails to specify the debts for which officers and directors shall be liable for violating its provisions, fails to specify what officers shall be liable, and in many other respects its terms and requirements are confusing and indefinite. Such laws are void. State ex rel v. Ashbrook, 154 Mo. 375; State ex inf. v. Street Ry. Co., 146 Mo. 155. Whatever difference of opinion there may be as to the constitutionality or the definiteness and certainty of the provisions of the act under which appellant seeks to recover, a careful reading of the law and of the evidence produced in this case leaves no room for uncertainty on one point, and that is that the respondents do not come within the provisions that render officers and directors of corporations personally liable for the debts thereof.

RAILEY, C.—Plaintiff, an Illinois corporation, sued defendants as directors of the Union Warehouse & Implement Company, a Missouri corporation, duly organized on February 2, 1909, and engaged in the general mercantile business in the town of East Prairie, Missouri. It is averred in the petition that the Missouri corporation continued to do business until December 2, 1913, when its charter was duly forfeited for failure to register as required by the laws of this State; that defendants continued to exercise the powers and privileges of said Missouri corporation, from *December 2, 1913, until about the 1st of January, 1915;* that they continued business under their said corporate franchise by purchasing and selling goods, wares and merchandise; that after the forfeiture aforesaid, and while engaged in the business aforesaid, *the defendants bought from plaintiff, between April 9, 1914, and October 21, 1914, goods of the value of $10.62, sued for*

*herein, and that no part of said sum has ever been paid, etc.*

Defendants, Fisher, Davidson, Morgan and Sager, filed a joint amended answer to said petition. They admitted the incorporation of plaintiff, but denied each and every other allegation of the petition. They charge in said answer that the acts of the General Assembly of the State of Missouri, for 1913, Laws 1913, pages 167 to 174, inclusive, and particularly section 20 of said act, under which this suit was brought, are unconstitutional and void, for the reason that the *title* of said act does not clearly express the *matters* contained therein, and particularly those in section 20 thereof, as required by section 28 of article 4 of our Constitution.

It is averred that said section 20 undertakes to impose penalties on *individuals* and on *officers* and *directors* of certain corporations therein described, while the title of said act clearly indicates the imposition of penalties on *corporations* only. It is further alleged, that said act is unconstitutional, because it is an *ex post facto* law; is retrospective in its operation, and violates section 15 of article 2 of our Constitution, in that it attempts to make certain persons, therein described, liable for debts and obligations created by certain corporations, whether said debts were created *before* or *after* the charters of such corporations were forfeited; and whether or not such debts were created and liabilities incurred *before* the passage of said act. It is further averred that said act undertakes to impose new and unusual obligations and penalties on corporations already created and existing prior to the passage and going into effect of said act; that it creates and imposes new and unusual obligations on individuals connected with such corporations. It is further charged in the answer that said act is void because too vague, indefinite and uncertain in its provisions, to be capable of practical construction and enforcement, in that it does not sufficiently specify and designate *what* officers, directors and persons of such corporations as may violate its provisions shall be liable for the debts of such corpor-

ations; and does· not sufficiently describe or specify for *what* debts of such corporations, said officers, directors and persons shall be liable.

It appears from the testimony of Cornelius Roach, Secretary of State, that an entry was made in the records of his office on *October 11,.1915,* stating that "on *December 2, 1913*," the charter of the above Missouri corporation was forfeited. He testifed that no certificate was ever sent to the recorder of deeds in Mississippi County, Missouri, stating that the Union Warehouse & ·Implement Company was suspended; nor did he ever receive from the recorder of deeds of said county, any certificate or statement, that a certificate showing the suspension of said Missouri corporation had been posted in his office for a period of twenty days. No entries were made, of any kind, on the records of his office with reference to said corporation, until *after* May 22, 1915.

It is conceded that plaintiff's account is correct, and that the last item therein was furnished to the .Union Warehouse & Implement Company on *October 21, 1914*.

It appears from the evidence, that the Union Warehouse & Implement Company, through its directors, notified Sexton, general manager, in October, 1914, not to buy any more goods, and he bought no more thereafter. The business was closed out in March or April, 1915.

On February 29, 1916, after hearing the evidence, the circuit court found the issues in favor of the defendants and entered its judgment accordingly. Plaintiff filed a motion for a new trial, which was overruled, and the cause was duly appealed to this court.

I. Section 20 of the Act of 1913, Laws 1913, page 171, is assailed by respondents on the ground that the *title* to said act does not clearly express the matters contained therein, as required by section 28 of article 4 of our Constitution. The title to the above act read as follows:

*Title to Act.*

"An act to provide for annual registration, supervision, and filing of annual reports of certain corpor-

ations; suspension and forfeiture of corporate charters for violation of this act; reinstatement after suspension or forfeiture; and fixing fees for registration, prescribing fines and penalties for violation, and repealing all acts in conflict therewith, with an emergency clause.''

Section 20 of said act reads as follows:

''Any person, or persons, who shall exercise, or attempt to exercise, any of the powers, privileges, or franchises of any corporation after the certificate, or license, of same has been *forfeited and cancelled* as in this act provided, shall be deemed guilty of a misdemeanor, and upon conviction punished as hereinafter provided; and the officers and directors, or principal agent in Missouri, if a foreign corporation, of any corporation which shall so violate the provisions of this act shall be held as partners and become severally and individually liable for the debts of such corporation.''

The plaintiff is seeking to hold defendants liable for its demand on the theory that the charter of the Union Warehouse & Implement Company was *forfeited and cancelled* on December 2, 1913, because it failed to file its report with the Secretary of State, as required by said act; and that thereafter these defendants bought from plaintiff the goods in controversy, in the name of said Missouri corporation, and became liable as partners therefor.   Although a corporation chartered under the laws of this State may have complied with the provisions of the above act, and *purchased goods while in good standing with the State,* yet section 20, supra, would make the *directors* of such corporation personally responsible, as partners, for *said* goods, if *thereafter,* the charter was *forfeited and cancelled* and *other* goods were bought by said corporation, subsequent to the date of such forfeiture and cancellation.   Whether the title to said act be casually or carefully considered, there is not the slightest intimation therein that individuals should be held liable, as partners, for debts which they never personally contracted, and which were purchased solely by the corporation in its corporate name.   The members of the General Assembly, in voting upon said

act, might have understood in reading the title thereto, that the officers of a corporation, whose charter had been forfeited and cancelled, might be punished under the police power of the State, for continuing to carry on th business of such corporation after its charter had been legally forfeited and cancelled, yet the title to said act would not have imparted any notice to the law-makers that *personal liability* would be imposed upon the officers of such corporations for debts which *it alone* had contracted in good faith.

Section 28 of article 4 of our Constitution provides that:

"No bill . . . shall contain more than one sub-ject, which shall be clearly expressed in its title."

It is manifest that the framers of our Constitution inserted in the organic law the above provision, in order that members of the General Assembly, when reading the title to an act, shall be advised, at least in a general way, of the subject sought to be covered in the body of same. [State v. Sloan, 258 Mo. l. c. 313-314; State ex rel. v. Revelle, 257 Mo. l. c. 538-40; State v. Distilling Co., 237 Mo. 103; Williams v. Railroad, 233 Mo. 667; State ex rel. v. Gordon, 233 Mo. l. c. 387-8; State v. Rawlings, 232 Mo. 544; St. Louis v. Wortman, 213 Mo. 131; State v. Fulks, 207 Mo. 26; State v. Great Western Coffee & Tea Co., 171 Mo. 634; Mengel Box Co. v. Fowlkes, 186 S. W. (Tenn.) 91; National Surety Co. v. Murphy-Walker Co., 174 S. W. (Tex. Civ. App.) 997; Burton v. Monticello & Burnside Turnpike Co., 173 S. W. (Ky. App.) 144; Cooley on Constitutional Limitations (7 Ed.), p. 205.]

Plaintiff's right of recovery is based upon section 20 of the above act (1913), which reads as follows:

"Any person, or persons, who shall exercise, or at-tempt to exercise, any of the powers, privileges, or franchises of any corporation after the certificate, or license, of same has been forfeited and cancelled as in this act provided, shall be deemed guilty of a mis-demeanor, and upon conviction punished as hereinafter provided; *and the officers and directors . . . of any*

*corporation which shall so violate the provisions of this act shall be held as partners and become severally and individually liable for the debts of such corporation."*

That part of section 20 italicized as above, when considered in the light of foregoing authorities, is in conflict with section 28 of article 4 of our Constitution, and is hereby declared void.

In view of the conclusion just reached, we deem it unnecessary to consider or determine the validity of the remaining portions of above law.

II. The Act of 1913 is penal in its nature and must be strictly construed in determining the liability of defendants in this action. Section 8 of said act provides that where the corporation fails to register before October 1st its charter shall be *suspended*. [Laws 1913, p. 169.] It is then made the duty of the Secretary of State to certify to the recorder of deeds of the county in which such suspended corporation is located, *the fact of such suspension,* and the recorder of deeds shall post the name of such corporation in a conspicuous place in his office for a period of twenty days, and at the expiration thereof, not later than the first day of December, certify to the Secretary of State that the name of such suspended corporation was so posted in such recorder's office. It further provides that the recorder shall be guilty of a misdemeanor, etc., if he fails to certify the name of such corporation to the Secretary of State, as required by said act.

Sections 10 and 12 of the act read as follows:

Section 10: "If any corporation shall fail to comply with the provisions of this act, on or before the first day of December, the corporate rights and privileges of such corporation shall be forfeited, and the Secretary of State shall thereupon cancel the certificate, or license, of such corporation by appropriate entry on the margin of the record thereof, whereupon all the powers, privileges and franchises conferred upon such corporation by such certificate, or license, shall cease and determine, and the Secretary of State shall notify such corporation

by mail, addressed to it at its postoffice address as disclosed by the records in his office, that its corporate existence and rights in this State have been forfeited and cancelled.''

Section 12: ''Failure to comply with the provisions of this act, and the certificate of the recorder of deeds that the name of the corporation so failing was posted, as required in section eight of this act, shall be sufficient evidence upon which the Secretary of State shall declare and enter forfeiture of its corporate rights and privileges as in this act provided.''

We are clearly of the opinion that the General Assembly, in the passage of said act, never intended that the charter of a corporation doing business in this State should be forfeited and cancelled *solely* by reason of its failure to file its return as required by law.

As a condition precedent to the right of the Secretary of State to declare a forfeiture and cancel the certificate of such corporation, he must have on file in his office, the certificate of the recorder as required by section 12, supra.    Even if section 20 of said act were valid as a whole, no prosecution could be legally sustained thereunder until the charter rights and privileges of said corporation to do business in this State had been *forfeited and cancelled* by the Secretary of State as aforesaid.    Even then, in order to sustain a conviction thereunder, it would have to appear from the record that the officers of such corporation proceeded against had done or attempted to do, business in its name *after* such charter had been legally *forfeited and cancelled.* Turning to the evidence in this case, we find that neither the Secretary of State nor the Recorder of Mississippi County ever took any action in respect to the forfeiture and cancellation of the charter of said Union Warehouse & Implement Company, as required by sections 8 and 10 of said act.    The Secretary of State testified upon this subject, as follows:

''No entries of any kind were made on the records in my office with reference to the Union Warehouse & Im-

plement Company, until some time during 1915, and then the first and only entry was made to the effect that the charter had been forfeited December 2, 1913.''

He further gave it as his opinion that this *"nunc pro tunc"* entry was not made until *October 11, 1915.* The last item in plaintiff's account was bought on October 21, 1914. There is, therefore, an entire failure of proof, as to the *forfeiture and cancellation* of the charter of said company; and also a failure of proof tending to show that any of the goods in controversy were bought *after* October 11, 1915, when said *nunc pro tunc* entry was made.

On the undisputed facts disclosed by the record, the plaintiff has no case.

The judgment of the trial court is accordingly affirmed. *Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. *Graves, P. J.* and *Bond, J.,* concur; *Blair J.,* concurs in paragraph two and result and expresses no opinion as to paragraph one. *Woodson, J.,* dissents as to paragraph one and concurs as to paragraph two and result.