## THE STATE, Appellant, v. JOSEPH J. CRITES.

### Division Two, March 4, 1919.

**CONSTITUTIONAL LAW: Title: Legislative Agents: Contingent Fee.** The title to a bill, which read: "An Act entitled an act, requiring legislative counsel and legislative agents retained or employed for compensation by any person, firm, corporation or association to promote or oppose the passage of bills or resolutions, or the approval of the same, to file with the Secretary of State a statement in writing subscribed by such counsel or agent stating the name of the person, firm, corporation or association by whom or on whose behalf he is employed, together with a brief description of the legislation in reference to which such service is to be rendered, requiring an itemized statement of expenditures to be filed, prohibiting legislative agents or counsel from going upon the floor of the Legislature, providing penalties for a violation of this act," is not broad enough to include a section making criminal an agreed compensation to be contingent upon the final enactment into law of a certain measure, since said section does not come within the scope of the title. The title does not in any wise relate to the regulation of the compensation of legislative agents or counsel; it relates to their duties, and not their compensation. Consequently the section (Sec. 8150, R. S. 1909) which declares that "no person shall accept any such employment or render any such service for compensation contingent upon the passage or defeat of any legislative measure" is void, and an indictment charging a legislative agent of its violation should be quashed. However, if the title had simply stated it was an act respecting legislative agents and legislative counsel, the particular matters mentioned in the section would have been within its scope, for then it would have related to a general subject, and would not have restricted that subject to the duties of these agents, as the subsequent words of this title do.

Appeal from Greene Criminal Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Frank W. McAllister,* Attorney-General, *Henry B. Hunt* and *S. P. Howell,* Assistant Attorney-General, for appellant.

(1)   The title to the act in the case at bar is sufficiently broad to embrace the provisions prohibiting the acceptance of compensation upon a contingent basis. Sec. 8150, R. S. 1909; Laws 1907, p. 351; State v. Smith, 233 Mo. 255; Bishop on Statutory Crimes (3 Ed.), sec. 36a; 1 Sutherland on Statutory Constr. sec. 131; In re Burris, 66 Mo. 446; State ex rel. v. County Court, 128 Mo. 441; State v. Cantrell, 179 Mo. 245.   (a)   It is not necessary for the title to embrace the limitations contained in the body of the act. 36 Cyc. 1029; Neuendorff v. Duryea, 69 N. Y. 557; Mt. Vernon Co. v. Frankfort Co., 111 Md. 568.   (b) Where the provisions of the act fairly relate to the same subject, or are means or incidents of accomplishing its purpose, the act comprises a single subject, and, therefore, is not violative of Sec. 28, Art. 4, of the Constitution. 1 Sutherland, Statutory Constr. p. 249; Ewing v. Hoblitzelle, 85 Mo. 71; State v. Doerring, 194 Mo. 408; State v. Cassidy, 22 Minn. 322; Hogan v. Akin, 181 Ill. 448; Kurtz v. People, 33 Mich. 279. (c)   The purpose of the constitutional provision is twofold, namely: first, to prevent the members of the Legislature from being misled and deceived; and, second, so the public may be apprised by the title as to the character of the proposed legislation. Cooley's Const. Lim. p. 204; State ex rel. v. Laughlin, 75 Mo. 368; O'Connor v. Transit Co., 198 Mo. 639; State v. Heege, 135 Mo. 119; Attorney-General v. Weimer, 59 Mich. 580; Attorney-General v. Hollister, 59 Mich. 590; Laws 1907, p. 351, sec. 4.   (2)   The

presumption obtains that the legislative act is valid, and the burden is cast upon the respondent to show beyond doubt that the act is violative of some constitutional provision. State v. Aloe, 152 Mo. 477; State v. Thompson, 144 Mo. 322; State v. Addington, 77 Mo. 117. Where there is doubt as to the contitutionality of an act, the court will resolve the doubt in favor of the validity of the statute in question. State v. Able, 65 Mo. 361; Lumber Co. v. Railroad, 216 Mo. 671; State v. Hamey, 168 Mo. 197; State ex rel. v. Pike, 144 Mo. 277; State ex rel. v. Gordon, 261 Mo. 639.

*Barbour & McDavid* and *Thos. J. Delaney* for respondent.

(1) The title to the act does not embrace the provisions, contained only in the body of the act, prohibiting the acceptance of employment for compensation upon a contingent basis. Constitution, sec. 28, art. 4; State v. Rawlings, 232 Mo. 554; Williams v. Railroad, 233 Mo. 676; State v. Sloan, 258 Mo. 313; State v. Fulks, 207 Mo. 33; St. Louis v. Wortman, 213 Mo. 138; State ex rel. v. Heege, 135 Mo. 119; Shively v. Lankford, 174 Mo. 545; State ex rel. v. Gordon, 233 Mo. 387; State v. Distilling Co., 237 Mo. 104; Hardware Co. v. Fisher, 269 Mo. 276. (a) When a title descends into details and attempts to point out a particular class of persons to which that law applies, and the particular acts prohibited, then that law cannot be leveled against acts not mentioned in such title. State v. Rawlings, 232 Mo. 554; State v. Sloan, 258 Mo. 313; St. Louis v. Wortman, 213 Mo. 138; State ex rel. v. Heege, 135 Mo. 119. (b) It is not sufficient that acts prohibited in the body of the law may be germane to the subject contained in the title. In addition to being germane, those prohibited acts must also be clearly expressed in such title, otherwise the law will be held invalid as to such acts not clearly expressed in the title. State v.

Rawlings, 232 Mo. 556; State v. Persinger, 76 Mo. 346. (c) The title to an act may be traced through the Legislature, and such title, if insufficient, may not be validated by a general title used in a subsequent revision of the Statutes. State ex rel. v. Wiethaup, 231 Mo. 463; State v. Rawlings, 232 Mo. 558; Williams v. Railroad, 233 Mo. 680. (d) The act in question is penal in its nature and must be strictly construed in determining the liability of the defendant. Hardware Co. v. Fisher, 269 Mo. 279. (e) Section 28, Article 4, of the Constitution, declaring that "no bill shall contain more than one subject, which shall be clearly expressed in its title," is mandatory. It is a clear, absolute and unconditional limitation upon legislative power. Williams v. Railroad, 233 Mo. 676; St. Louis v. Wortman, 213 Mo. 139; State v. Sloan, 258 Mo. 313.

WHITE, C.—The defendant was indicted by the grand jury of Greene County on the charge of entering into a contract to promote the passage of a certain bill in the 49th General Assembly for a compensation of twenty-five hundred dollars, the payment of which was contingent upon the final enactment into law of the said measure—contrary to Section 8150, Revised Statutes 1909. The defendant filed a motion to quash the indictment on several grounds, and the motion was sustained. The State appealed from the final judgment thereupon entered.

In the motion to quash the indictment it is urged among other things that the section of the statute upon which the indictment is based is unconstitutional because contrary to the provisions of Section 28 of Article 4 of the said Constitution, which provides that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

Section 8150 was enacted in 1907. The bill containing it has the following title:

"An Act entitled an act, requiring legislative counsel and legislative agents retained or employed for

compensation by any person, firm, corporation or as-sociation to promote or oppose the passage of bills or resolutions, or the approval of the same, to file with the Secretary of State a statement in writing sub-scribed by such counsel or agent stating the name of the person, firm, corporation or association by whom or on whose behalf he is retained or employed, together with a brief description of the legislation in reference to which such service is to be rendered, requiring itemized statement of expenditures to be filed, prohibiting legis-lative agents or counsel from going upon the floor of the Legislature, providing penalties for the violation of this act, with an emergency clause.''

The first section of the act provides that every person retained or employed for a compensation to promote or oppose the passage of any bill in either house of the Legislature shall register, giving full particulars as to whom he represents, etc. Then follows in the same section this provision: ''And no person shall accept any such employment or render any such service for compensation contingent upon the passage or defeat of any legislative measure or measures.''

Penalties for the violation of the act, fine or im-prisonment or both, are provided. It is the provision just quoted which the indictment charges the defendant with having violated. The respondent claims that it affects a subject not clearly expressed in the title of the bill.

It is argued by counsel for the State that the par-ticular acts prohibited in the passage quoted come within the general scope of the title; that the general subject of the act is sufficiently broad to embrace them. They assert that the title in a general way indicates the subject, and the particular matter affected by the provision is a detail of that subject, a specification in-cluded in the general subject-matter. If that were true the indictment would have to be held good.

Now what is the general subject mentioned in the title? Certainly ''legislative counsel and legislative

agents.'' If the title of the act simply stated that it was an act respecting legislative counsel and legislative agents, the particular matters mentioned would be within its scope.´ The title, however, does not stop there; it is further restrictive. Counsel for the State assert that after the general subject-matter the title in particular relates to ''compensation of legislative agents.'' In this counsel are incorrect. The subject expressed does not relate to the classification of legislative agents, nor to the regulation of their compenation. It affects such agents only as to certain affirmative requirements, and certain restrictions upon their activities; they are required to file with the Secretary of State ''a statement in writing'' showing whom they represent, and they are forbidden ''to go upon the floor.'' The subject embraces, not the *compensation* of agents, but the *duties* of agents who are compensated; compensation is mentioned only in the classification of the person to whom the requirements apply; the persons upon whom are imposed the duties indicated in the title. There is nothing indicating that any legislative agent, compensated or otherwise, would be prohibited from opposing or promoting measures. These affirmative requirements and the prohibitive injunction apply as well to agents who work for a contingent fee as those who were compensated in any other way. The title, in fact, indicates that all such agents may lawfully pursue that employment, provided they comply with· the requirement to make their business a public instead of a secret one.

The ´reasons for that provision of the Constitution and for a strict adherence to it, have been so often and so fully stated by this court in recent decisions that it is only necessary to refer to some of them as illustrative of the point under consideration.

State v. Great Western Coffee & Tea Co., 171 Mo. 634, is where the court considered the constitutionality of an act with the following title:

"An Act to prevent the use of unhealthy chemicals or substances in the preparation or manufacture of any article used or to. be used in the preparation of food."

The body of the act following that title made it unlawful for any person to sell any such article for the purpose of being used in the preparation of food. It was held that the provision of the act was not within the subject indicated by the title. It was not the selling of such compounds, but the using of them in the preparation of food that was the subject expressed in the title.

In the case of State v. Sloan, 258 Mo. 305, the title of the act considered related to "herding cattle by non-residents," but the act made it unlawful for any person to drive cattle from the range in one county on to the range in another county. in the State. It applied. to residents as well as non-residents, and it was held that the provision in the body of the act was broader than the subject limited in the title.

The case of St. Louis v. Wortman, 213 Mo. 131, concerned the construction of an act creating the office of State Dairy Commissioner, defining his duties. The body of the act made it a misdemeanor for any purpose to sell milk or cream containing foreign substances injurious to health. It was held to be without the subject expressed in the title.

The case of Williams v. Railroad, 233 Mo. 666, concerned an act entitled. "An Act relating to manufacturing, mechanical, mercantile and other establishments and places, and the employment, safety, health and work hours of employees." [L. c. 676.] The body of the act required that "platforms, passage ways, . . . in and around railroad yards . . . and passenger depots, shall be located, placed and arranged so as to insure, as far as possible, the safety of employees from injury or accident." It was held that the provision mentioned did not come within the purview of the title.

In the case of Hardware Co. v. Fisher, 269 Mo. 271, the court had under consideration an act whose

title related to the registration, supervision and reports of certain corporations. The body of the act provided penalties to be assessed against the *officers* of such corporations for violation of the act. It was held that the provision was without the scope of the title.

The case of State v. Fulks, 207 Mo. 26, the court had under consideration the Local Option Law. It was entitled, "An Act to provide for preventing the evils of intemperance by local option" in certain counties and cities by submitting the question of "prohibiting the sale" of intoxicating liquors. The body of the act prohibited the *giving away* of intoxicating liquors. It was held not included within the subject expressed in the title. In that case the body of the act didn't attempt to include persons different from those indicated in the act, but it simply prohibited different acts by any persons from those expressed in the title.

The case of State v. Rawlings, 232 Mo. 544, is instructive. In that case Rawlings was prosecuted for violation of Section 7226, Revised Statutes 1909, enacted in 1907. The title of the act prohibited persons running order houses from delivering intoxicating liquors to persons having no license, and to prohibit the storing for, or delivering to, another person intoxicating liquors in Local Option counties. Section 1 of the act made it unlawful for any person, not a dramshop-keeper, to order for, store, or deliver as agent of another person (not limited to Local Option counties). The court said, l. c. 557, if the title to the act had simply read, "An Act concerning intoxicating liquors," the section complained of would have been within the subject. But instead of that general statement of the subject: "The title descends into details and attempts to point out a particular class of persons to which that law is intended to apply and the particular acts prohibited, and therefore cannot support a law which is levelled against a wholly different class of persons and prohibits acts not mentioned in such title."

In the law under consideration the title of the act indicates that certain acts shall be required and certain acts prohibited. That part of the act with which we are concerned prohibits totally different acts and acts which the title indicates are perfectly lawful. It is not the contracting for compensation in any particular way that is expressed in the title, but the prescribing of certain duties to be performed by the agent who is compensated.

Other objections to the indictment need not be considered. The motion to quash was properly sustained.

The judgment of the criminal court of Greene County is affirmed. *Roy, C.,* absent.

PER CURIAM.—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.