THE STATE ex rel. F. W. NIEDEMEYER et al., Directors of School District of Columbia, v. GEORGE E. HACKMANN, State Auditor.

In Banc, February 16, 1922.

1. **CONSTITUTIONAL LAW: Title of Act: Contents.** The purpose of the constitutional provision declaring that "no bill shall contain more than one subject, which shall be clearly expressed in its title" is to have the title clearly indicate the contents of the act, and if the contents fairly relate to and have a natural connection with the subject expressed in the title, they fall within the title.

2. ———: ———: ———: **Single Subject.** The subject of an act must be single, and it must, in addition, be clearly expressed in the title; provisions incongruous in their subject-matter may not be enacted in the same act, but provisions relating to the maximum rate of interest bonds issued by a school district, city or other political subdivision of the State, and the minimum price at which the bonds may be sold, are not incongruous.

3. ———: ———: **Subject: Unmentioned Particular Matters.** Though the subject-matter in an act be such as might constitutionally be enacted under one title, it cannot be so enacted in a particular act unless it be clearly expressed in the title of such act. If the title descends to particulars and states such particulars as the subject of the act, then the particulars stated, and not the general subject within which such particulars might fall, become the sub-

ject stated in the title. And if the descent to particulars is suffi-ciently definite that the express enumeration is affirmatively mis-leading as to an intent to include others, the other matter so in-cluded in the body of the act is not within the title, even though the enumeration of particulars is preceded by a general title.

4. ——: ——: ——: ——: Bonds: Rate of Interest: Notice of Rate. The title of the act which was, "An act providing that bonds hereafter issued under any law by county, city, town, vil-lage, school district, or other municipality, political division or district may bear interest at any rate not exceeding six per cent per annum, and that such bonds may be sold at not less ·than ninety-five per cent of the par value thereof," did not include a proviso incorporated in the body of the act that "in every election hereafter held for the purpose of authorizing an issue of bonds the maximum rate ·of interest such bonds are to bear shall be stated in the notice of the election." Nor does the term "issued" used in the title give notice that the act contemplated legislation concerning an election; but the title spent its force in enumerat-ing two particulars of a general subject, namely, the maximum rate of interest and the minimum price.

5. SCHOOL BONDS: Notice of Election: No Rate of Interest Stated. School bonds issued in all respects in accordance with the Act of March 31, 1921, Laws 1921, pp. 160, 161, except that the rate of interest the bonds were to bear was not stated in the notice of the election, are entitled to registration, the proviso of said act requiring the rate to be stated in the notice being invalid, because not embraced within the title of the act.

Mandamus.

WRIT GRANTED.

*Wm. H. Sapp* for relators; *Harry Carstarphen* of counsel.

(1) The notice given of said election was sufficient under the law relating to such elections. Sec. 11127, R. S. 1919. (2) The proviso clause contained in Section 1 of the Act of March 31, 1921, Laws 1921, pp. 169, 170, relative to statement in notice of election of maximum amount of interest bonds should bear, is unconstitutional and void in that the proviso is not comprehended in the title of said act. Sec. 28, Art. 4, Mo. Constitution; Hard-

ware Co. v. Fisher, 269 Mo. 276; State ex rel. v. Gordon, 268 Mo. 730; State v. Sloan, 258 Mo. 313; State ex rel. v. Revelle, 257 Mo. 538; State ex rel. v. Assurance Co., 251 Mo. 294; Williams v. Railroad, 233 Mo. 676; State v. Rawlings, 232 Mo. 557; State v. Fulks, 207 Mo. 33; State v. Coffee & Tea Co., 171 Mo. 634; State v. Wortman, 213 Mo. 136. (3) The title to the act in question descended to particulars and set forth in detail what was included within its provisions to the exclusion of the contents of the proviso; therefore, the proviso, not having been mentioned in the title, is unconstitutional. The doctrine of *expressio unius est exclusio alterius* is applied to this class of titles. State v. Sloan, 258 Mo. 313; Booth v. Scott, 276 Mo. 22; State v. Rawlings, 232 Mo. 557; Cooley on Const. Lim. (7 Ed.) p. 205. (4) Part of an act may be declared unconstitutional and the remainder be held constitutional and valid. Nalley v. Home Ins. Co., 250 Mo. 467; State ex rel. Harvey v. Wright, 251 Mo. 336.

*Jesse W. Barrett,* Attorney-General, *Henry Davis,* Assistant Attorney-General, for defendant.

(1) The term "issued" should be construed to cover every act necessary to give validity to a bond. Folks v. Yost, 54 Mo. App. 55; Heman v. Larkin, 99 Mo. App. 294; Douglass v. Lincoln County, 5 Fed. 775; Brown v. Robinson, 49 Tex. Civ. App. 157; Dargin v. Life Assur. Society, 71 S. C. 356; Pease v. Ritchie, 132 Ill. 645; Moller v. Galveston, 23 Tex. Civ. App. 699. (2) The act of the Legislature providing the rates of interest that bonds of public corporations may bear is constitutional. Sec. 28, Art. IV, Mo. Constitution; Laws 1921, p. 169; State v. Brodnax, 228 Mo. 54; Booth v. Scott, 276 Mo. 1; Scott v. Booth, 253 U. S. 475; O'Connor v. Transit Co., 198 Mo. 622; Coffee v. Carthage, 200 Mo. 616; State ex inf. Hadley ex rel. Wayland v. Herring, 208 Mo. 708; State ex rel. Life Assur. Society v. Vandiver, 222 Mo. 206; State ex rel. United Rys. Co. v. Wiethaupt, 231 Mo. 449; 25 R. C. L. p. 849, sec. 95.

JAMES T. BLAIR, C. J.—Mandamus. Relators constitute the Board of Education of the School District of Columbia, Missouri. The purpose of this proceeding is to compel the State Auditor to register certain bonds of the district. Respondent's admissions are such that no question arises concerning the calling or holding (except in one particular) of the bond election, or any of the subsequent proceedings, or the form of the bonds proffered for registration. There is no claim the district was not empowered to issue bonds in the amount here involved. The single objection respondent makes to registering the bonds is that the notice of election did not state the particular rate of interest the bonds were to bear. His sole contention is that the Act of March 31, 1921, Laws 1921, pp. 169, 170, required the statement of that rate in the notice of election and that the absence from the notice of that statement renders it his duty to refuse registration.

The contention of relators is that the provision of the act referred to respecting the statement of the rate of interest in the election notice is invalid because (1) it is vague and indefinite; (2) the title of the act is defective; and (3) the title of the act does not include the provision mentioned, and that provision was not, therefore, validly enacted when Section 28 of Article 4 of the Constitution is considered.

The title to the act in question reads as follows:

"An Act providing that bonds hereafter issued under any law of the State of Missouri by county, city, town, village, school district, or other municipality, political division or district may bear interest at any rate not exceeding six per cent per annum, and that such bonds may be sold at not less than ninety-five per cent of the par value thereof, with an emergency clause."

The act itself, omitting the emergency clause, reads thus:

"Section 1. *Rate of interest of bonds—Minimum par value.* That any and all bonds hereafter authorized to be issued under any law of this State by any county, city,

town, village, school district, or other municipality, political subdivision or district of this State, may bear interest at a rate not exceeding six per cent, per annum, and may be sold, at any sale pursuant to any law applicable thereto, at the best price obtainable, not less than ninety-five per cent of the par value thereof, anything in any proceedings heretofore had authorizing such bonds or in any law of this State to the contrary notwithstanding: 'provided, that, in every election hereafter held for the purpose of authorizing an issue of bonds the maximum rate of interest such bonds are to bear shall be stated in the notice of the election.' "

The proviso in section 1 is the part of the act said to fall outside the title.

I. Section 28 of Article IV of the Constitution provides that "No bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

Contents and Title. It is uniformly held that this provision is to be liberally construed; that its purpose is to have the title indicate the general contents of the act; that if the contents of the act fairly relate to and. have a natural connection with the subject expressed in the title they fall within the title. On the other hand, provisions incongruous in their subject-matter may not be enacted in the same act. The subject must be single. In addition to being single, the subject must be clearly expressed in the title; the title must not mislead as to the contents of the act.

II. There is no contention that the Legislature might not constitutionally legislate in one act respecting the maximum interest rate and the minimum price

Interest and Price. which might be accepted for bonds. It is apparent these things pertain to one general subject and are particulars which are congruous and may be included in one act. [State ex rel. v. Miller, 100 Mo. l. c. 433 et seq.]

III.    The question is whether the subject, as clearly expressed in the title, is not thereby confined and restricted by its statement of particulars so as to exclude the substance of the proviso.    The title must not mislead.

Particulars.    [State ex inf. v. Borden, 164 Mo. l. c. 236, 237; State v. Great Western Coffee & Tea Co., 171 Mo. l. c. 643.]   Though subject-matter in an act be such as might constitutionally be enacted under one title, it cannot be so enacted in a particular act unless it be within the subject ''clearly expressed in the title'' of such act. [St. Louis v. Weitzel, 130 Mo. 616.]   It follows that if the title of an act ''descends to particulars'' and states such particulars as the subject of the act, then not the general subject within which such particulars fall but the particulars stated become the subject stated in the title.   In such a case the provisions of the act enactable under such a title must be such as fairly relate to and have a natural connection with, not the general subject which might have been stated but the subject which is stated, i. e. the particulars set out in the title.   [State v. Rawlings, 232 Mo. l. c. 557, 558;  State v. Sloan, 258 Mo. l. c. 313, 314; Booth v. Scott, 276 Mo. l. c. 22, 23;  Hardware Co. v. Fisher, 269 Mo. l. c. 278;  State v. Crites, 277 Mo. 194.   An examination of these decisions and authorities, generally, discloses that the rule is but an application of the maxim, *expressio unius exclusio alterius est;* and if the descent to particulars is sufficiently definite that the express enumeration is affirmatively misleading as to the intent to include others, the other matter so included is not within the title, even though the designation of particulars is preceded by a general title.   [1 Lewis's Sutherland on Statutory Construction (2 Ed.) sec. 131.]   No such general subject appears in this title.   The particulars stand alone.   The question is whether, as stated, they exclude the proviso to which objection is made, or whether such proviso is contributory to the accomplishment of the purpose of the title, as written, and germane to the subject expressed therein.

IV.  The title covers two things, two particulars of one general subject, and is confined to them: (1) the fixing of a maximum rate of interest on municipal bonds thereafter issued; and (2) the fixing of the maximum discount allowable in the sale of such bonds.  The contention of respondent is that the proviso is germane to the fixing of the maximum rate of interest.

**Unenumerated Particulars.**

He argues that the term "issued" as used in the title in question should be construed to cover every act necessary to give validity to the bonds, including all matters precedent thereto, including the bond election. Upon this theory his counsel suggest the proviso may be sustained.  The title clearly shows that no legislation respecting the issuance of bonds, in the sense stated, is intended by the act.  Its language imports an acceptance of other acts, existing or to be enacted, upon that head. The title deals with the rate of interest which bonds issued may bear and not with the manner of issuance of bonds.  In what respect is the provision concerning the contents of the notice of a bond election germane to the subject of prescribing a maximum rate of interest which bonds may bear?  The purpose of naming the rate of interest in the election notice is to advise the voters of the rate of interest which the board of education, or municipal authorities, have fixed as the rate in the particular case.  It may enable the voters to exercise their judgment in voting upon the question whether the rate fixed by local authority for the contemplated bonds meets their approval.  That pertains to a rate fixed by local authorities within the statutory maximum.  How can such a provision in a notice of election tend to accomplish the legislative purpose which was to establish a maximum rate beyond which the local authorities might not go? The maximum fixed by the act could not be affected in any way by anything in a notice of a bond election.  It would have been the same whether or not the notice of the rate for particular bonds was required.  If the inclusion of the proviso had been valid, yet a notice given thereunder could not have affected the rate fixed by the

act. If the rate exceeded the rate fixed in the act, it would be unlawful because of the act and not because of the provision as to the notice. It may be assumed, on the same hypothesis, that a failure to put the rate, lawful under the act, into the election notice would have invalidated the election; but this would depend upon no connection between the notice of election and the establishment of a maximum rate. This proviso falls within the condemnation of the rule already quoted, and was not validly included in the act.

V. The remainder of the act is complete in itself, and under the rule applicable in such cases is unaffected by the excision of the proviso.

The alternative writ is made peremptory. *Graves, Higbee, David E. Blair,* and *Elder, JJ.,* concur; *Walker, J., dubitante; Woodson, J.,* not sitting.