FIDELITY ADJUSTMENT COMPANY, a Corporation, Appellant, v. R. M. COOK, CHESTER L. CHARLES, JOHN C. PATTERSON, A. L. COOPER and FRANK W. MCALLISTER.—95 S. W. (2d) 1162.

Division Two, June 30, 1936.

46

*L. L. Watts* for appellant.

*Don T. Patterson* and *Elmer B. Silvers* for John O. Patterson.

*R. B. Caldwell, R. S. Eastin* and *McCune, Caldwell & Downing* for R. M. Cook, Chester L. Charles, A. L. Cooper and Frank W. Mc-Allister.

BOHLING, C.—The trial court, having sustained the demurrer of defendants R. M. Cook, Chester L. Charles, John O. Patterson,

**48**

A. L. Cooper and Frank W. McAllister to the petition of Fidelity Adjustment Company, a corporation, plaintiff, and plaintiff having declined to plead further, entered judgment for defendants. Plaintiff appeals.

Plaintiff seeks to recover of defendants $29,118.29 alleged due plaintiff from Pan American Feed Company, a corporation. The petition is in fifteen counts, each based upon a separate note or open account endorsed or assigned for value to plaintiff; and is based upon the *personal civil liability* imposed upon defendants as directors of said Pan American Feed Company under Section 4628, Revised Statutes 1929 (Mo. Stat. Ann., p. 2053).

Defendants filed demurrers to plaintiff's petition putting in issue the constitutionality of said Section 4628. Plaintiff's right to maintain its alleged cause of action against defendants, being purely statutory, under the issues presented, involves a ruling on the constitutionality of said Section 4628; for if unconstitutional no cause of action exists. From the view we take of the case, we perceive no useful purpose to be served by inserting the averments of plaintiff's petition. Summarized, the petition alleges the incorporation of plaintiff; that said Section 4628, setting the same out *verbatim,* was in full force and effect at all times mentioned in said petition; that the Pan American Feed Company was a corporation; that the charter of said Pan American Feed Company was forfeited January 1, 1930, for failure to comply with the annual registration laws of the State; and that defendants were directors of said Pan American Feed Corporation on, and, pretending to act as directors aforesaid, continued to exercise the powers and privileges of said corporation subsequent to, said date of said forfeiture of said charter. Next, the respective counts of the petition set forth a cause of action against said Pan American Feed Company, some of said items of indebtedness having been incurred prior and other items subsequent to said forfeiture of said charter; and allege that defendants, by reason of the premises and the provisions of said Section 4628, are severally and individually liable to plaintiff for the specific item of indebtedness.

The annual registration laws referred to in the petition are Sections 4613 et seq., Revised Statutes 1929 (Mo. Stat. Ann., p. 2047), requiring the registration of, the filing of an antitrust affidavit and certain other information, and the payment of a registration fee by certain corporations annually. Under the provisions of Section 4619, Revised Statutes 1929 (Mo. Stat. Ann., p. 2049), the corporate rights and privileges of a corporation failing to comply with the provisions of said sections on or before the 31st day of December of any given year "shall be forfeited, and the secretary of state shall thereupon cancel the certificate, or license, of such corporation by appropriate entry on the margin of the record thereof," whereupon all the

powers, privileges and franchises conferred upon such corporation shall cease and determine, etc.

One of the constitutional issues common to the demurrers and presented as an issue on this review is that the portion of said Section 4628, upon which plaintiff's cause of action is based, is not clearly expressed in the title to said act as required by Section 28, Article IV, of the Constitution of Missouri.

Section 28, Article 4, of our Constitution provides: "No bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

Section 4628, supra, reads (that portion here involved being set forth in italics):

"Any person, or persons who shall exercise, or attempt to exercise, any of the powers, privileges, or franchises of any corporation after the certificate or license of the same has been forfeited and canceled as in this article provided shall be deemed guilty of a misdemeanor, and upon conviction punished as hereinafter provided; and *the officers and directors,* or principal agent in Missouri, if a foreign corporation, *of any corporation which shall so violate the provisions of this article shall be held as partners and become severally and individually liable for the debts of such corporation.*"

Said Section 4628 was Section 17 of an act appearing in Laws 1919, pages 227-235 [now Secs. 4613-4640, of Art. 1, Chap. 32, R. S. 1929], the word "article" reading in said original law "act" [See Sec. 9807, R. S. 1919, for authority for the change in wording, and Sec. 9822, R. S. 1919].

The title to said Act of 1919 [Laws 1919, p. 227], insofar as material (the portion thereof here involved appearing in italics), reads:

"An Act to provide for the supervision of certain corporations; for annual registration of, and filing of annual statements, and anti-trust affidavit by, requiring the filing of a statement setting forth the name and address of each of the officers and directors thereof, such corporations; fixing fees for registration; providing for the forfeiture of corporate charters; suspension and forfeiture of corporate charters for violation of this act; *prescribing penalties on officers and directors who shall attempt to exercise any of powers, privileges or franchises after the certificate or license has been forfeited and canceled;* reinstatement after suspension or forfeiture; and fixing fees for registration, *prescribing fines and penalties for violation.* . . ."

The title of a legislative act may be general, or it may carve out specific details of the general subject-matter legislated upon. In either event "the title must express the subject of the act in such terms that members of the General Assembly and the people may

not be left in doubt as to what matter is treated of" [State v. Burg-doerfer, 107 Mo. 1. c. 30, 17 S. W. 646]. In City of Columbia v. Public Service Commission, 329 Mo. 38, 45, 43 S. W. (2d) 813, 816 (2), we said: "The general rule of construction is thus stated in 36 Cyc., p. 1029, n. 27: 'The title need not express limitations in the body of the act, but where the title is restrictive the act must be also.' In State ex rel. v. Edwards et al., 241 S. W. 945, 950, we have said that, 'where the title of an act descends to particulars and details, the act must conform to the title as thus limited by the particulars and details.' In State ex rel. v. Hackmann, 292 Mo. 27, 32, 237 S. W. 742, 743, we have thus stated the rule more fully: 'Though subject-matter in an act be such as might constitutionally be enacted under one title, it cannot be so enacted in a particular act, unless it be within the subject "clearly expressed in the title" of such act. [St. Louis v. Weitzel, 130 Mo. 616, 31 S. W. 1045.] If follows that if the title of such an act "descends to particulars," and states such particulars as the subject of the act, then not the general subject within which such particulars fall, but the particulars stated, become the subject stated in the title. In such a case the provisions of the act enactable under such a title must be such as fairly relate to and have a natural connection with, not the general subject which might have been stated, but the subject which is stated, i. e., the particulars set out in the title. [State v. Rawlings, 232 Mo. 1. c. 557, 558, 134 S. W. 530; State v. Sloan, 258 Mo. 1. c. 313, 314, 167 S. W. 500; Booth v. Scott, 276 Mo. 1. c. 22, 23, 205 S. W. 633; Hardware Co. v. Fisher, 269 Mo. 1. c. 278, 190 S. W. 576; State v. Crites, 277 Mo. 194, 209 S. W. 863.]'" [See, also, Sherrill v. Brantley, 334 Mo. 497, 506, 66 S. W. (2d) 529, 532; State ex rel. v. Walker, 326 Mo. 1233, 1247, 34 S. W. (2d) 124, 131(9).]

The title of said Act of 1919 descends to minute particulars of the legislation. The first portion of said Section 4628 subjects persons, including directors as well as others, exercising or attempting to exercise any of the powers, privileges or franchises of any corporation after its charter has been forfeited to punishment for a misdemeanor as in said act provided under a prosecution instituted on behalf of the State; whereas the subsequent portion of said section creates between the officers and directors, so violating said act, the contractual relation existing between copartners and imposes a personal civil liability for the *debts of the corporation*. The word "penalties" occurs twice in the title of said act, and in every instance, other than in said second subdivision of said Section 4628, refers to punishment for crime. To give force and effect to the second subdivision of said section we must not only hold that the word "penalties" has separate and distinct meanings as used in said title but also hold the word connotes the establishment of the con-

tractual relationship of a copartnership and the imposition of a civil, as distinguished from a criminal, liability. Under the circumstances, we think the word "penalties" in the title to said act, without more, has reference to the usual and customary method adopted for securing obedience to law—punishment imposed for crime: and negatives any inference of the imposition of a personal civil liability. That the term was so understood is evidenced by the title of another act of the same General Assembly reading (in part): "An Act . . . declaring certain buildings, structures and things used in the unlawful manufacture and sale of intoxicating liquors to be nuisances and giving the right of abatement; establishing the right of action in damage for injuries by intoxicated persons against illegal liquor sellers; . . . and with penalties for violation" [Laws 1919, p. 408]; whereas our examination of the titles of the acts of said General Assembly fails to disclose any instance (other than under the act here involved) wherein the word "penalty" or "penalties" has reference to other than criminal responsibility. Said Act of 1919 repealed a similar law, approved April 10, 1917 [Laws 1917, p. 230 et seq.], which had repealed a similar law, approved March 27, 1913 [Laws 1913, p. 167 et seq.]; and such is the interpretation set forth as to the title to the Act of 1913—"prescribing fines and penalties for violation"—in Woodward Hardware Co. v. Fisher (December 20, 1916), 269 Mo. 271, 277, 190 S. W. 576, 578(1).

In the Woodward Hdwe. Co. case, supra, Section 20 of said Act of 1913 [Laws 1913, p. 171], identical with Section 17 of the Act of 1919 [Laws 1919, p. 232—now Sec. 4628, supra], was before this court on an issue involving said Section 28, Article 4, of our Constitution. The title to said Act of 1913 read: "An Act to provide for annual registration, supervision, and filing of annual reports of certain corporations; suspension and forfeiture of corporate charter for violation of this act; . . . *prescribing fines and penalties for violation.*" Division One of this court, RAILEY, C., writing, GRAVES, P. J., and BOND, J., concurring; BLAIR, J., expressing no opinion, and WOODSON, J., dissenting, in considering said portion of said Section 20 (the same as the above italicized portion of now Sec. 4628, supra) unconstitutional and void, said: "Whether the title to said act be casually or carefully considered, there is not the slightest intimation therein that individuals should be held liable, as partners, for debts which they never personally contracted, and which were purchased solely by the corporation in its corporate name. The members of the General Assembly, in voting upon said act, might have understood in reading the title thereto, that the officers of a corporation, whose charter had been forfeited and canceled might be punished under the police power of the State, for continuing to carry on the business of such corporation after its character had been legally for-

feited and canceled, yet the title to said act would not have imparted any notice to the lawmakers that *personal liability* would be imposed upon the officers of such corporations for debts which *it alone* had contracted in good faith." Speaking of the Woodward Hdwe. Co. case, supra; Booth v. Scott, 276 Mo. 1, 23, 205 S. W. 633, 638(3), BLAIR and WOODSON, JJ., concurring, stated: "It was evident that the words in italics were not included among the particulars specified in the title, *and we so held.*" (Italics ours.)

Appellant cites Reuter Hub and Spoke Co. v. Hicks, 181 Mich. 250, 148 N. W. 339, and Francais v. Somps, 92 Cal. 503. The title of the acts involved in said cases appear to be general in nature. The observations of this court in Woodward Hdwe. Co. v. Fisher, supra, passing upon the phrase "prescribing fines and penalties" in the title of the Act of 1913, supra, and falling within the rulings of the cases there cited, we approve; as in a matter involving private rights, be they personal or property rights, vouchsafe by a constitutional provision, the title of an act carving out specific details of a general subject should be sufficiently explicit to remove all doubt as to the nature of the right of person or property affected by the legislation. This the title to the Act of 1919, aforesaid, fails to do so far as the italicized portion of said Section 4628, supra, is concerned; and said portion of said section is, therefore, void.

The judgment of the trial court is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.