INTERNATIONAL BUSINESS MACHINES CORPORATION, a Corporation, Appellant,

v.

Thomas A. DAVID, Director of Revenue, State of Missouri, and Albert S. Arenson, Collector of Revenue, Respondents.

No. 51918.

Supreme Court of Missouri, En Banc.

Nov. 14, 1966.

Rehearing Denied Dec. 12, 1966.

Walter R. Mayne, N. W. Hartman, Thomas Rowe Schwarz, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondents.

HYDE, Judge.

Declaratory judgment action to determine the constitutional validity of Sec. 144.-020, subd. 1(8) and its applicability to plaintiff's rental transactions. The case was decided on plaintiff's motion for summary judgment or judgment on the plead-ings. (Statutory references are to RSMo and V.A.M.S.) The Court entered judgment for defendants, declaring Sec. 144.-020, subd. 1(8) constitutional and that it "validly imposes a tax upon all sellers for the privilege of engaging in the business of rendering taxable rental service at retail." Plaintiff has appealed.

■ There was nothing before the trial court except the plaintiff's petition, the exhibits attached to plaintiff's petition (sales and rental agreements and a rule and a regulation of the Department of Revenue) and the admissions in defendants' answer of the relevant facts. Therefore, we will consider the submission as one for judgment on the pleadings.

Sec. 144.020, subd. 1(8) is as follows: "A tax equivalent to three per cent of the amount paid or charged for rental or lease of tangible personal property, *provided that if the lessor or rentor of any tangible personal property had previously purchased the property under the conditions of 'sale at retail' as defined in subdivision (8) of section 144.010 and the tax was paid at the time of purchase, the lessor or rentor shall not apply or collect the tax on the subsequent lease or rental receipts from that property*; and provided, further, that the purchase or use of motor vehicles and trailers shall be taxed and the tax paid as provided in sections 144.070 and 144.440 and no such tax shall then be collected on the rental or lease of motor vehicles and trailers; and provided, further, that tangible personal property which is exempt from the sales or use tax under section 144.030 upon a sale thereof is likewise exempt from the sales or use tax upon the lease or rental thereof." (Emphasis ours.)

Plaintiff claims the italicized provision makes this statute unconstitutional. Plaintiff is a New York corporation authorized to do business in Missouri. It sells business machines in Missouri and collects and pays sales tax on such sales to the Missouri Department of Revenue. There is no

dispute about a tax on these transactions. Plaintiff also rents business machines in Missouri and the right of this state to collect sales tax on the rentals received for these machines is the issue in this case. The tax on these rentals is being collected from customers and paid under protest. Any refund would be returned to plaintiff's customers. All machines, sold or rented, are manufactured by plaintiff outside of this state and all machines sold or rented in this state are shipped into Missouri prior to their sale or lease. Plaintiff claims its only tax liability to this state on the machines it rents here should be for our use tax on the materials used to make these machines. The State contends Sec. 144.020, subd. 1(8) properly classifies the rental of these machines as a taxable sale of service.

Plaintiff argues that the purpose of Sec. 144.020, subd. 1(8) is to reach rentals of tangible personal property, where the rentor had not been subject to sales or use tax on the acquisition of such property, but it says that plaintiff is subject to the use tax on this tangible personal property brought into this state for its rental business. (Plaintiff means use tax on the value of the material used by it to make these machines and not on the value of completed machines.) Therefore, plaintiff says the denial to it of the right to avail itself of the opportunity to avoid rental tax under the first proviso of Sec. 144.020, subd. 1(8) is arbitrary discrimination against it and its customers. Otherwise stated plaintiff claims if the owner of a machine who has purchased it, and paid sales tax or use tax on its purchase price at the time of purchase, is made exempt from sales tax on rentals he receives then an owner who has manufactured a machine and has to pay a use tax on the materials that went into it (because the materials were bought in another state) must also be made exempt on the rentals he receives. Plaintiff claims it arbitrary discrimination to do otherwise. Plaintiff says: "Defendants have no power by Regulation and Rule to classify lessors into two different groups: (1) those who purchase goods requiring no further steps prior to being rented, and (2) those who purchase goods requiring further processing before being rented. There is no basis in the Sales and Use Tax Laws for such classification or provision for exemption from sales or use tax to one such group and not the other."

Defendants' position is that plaintiff was not required to pay use tax on its machines brought into this state for rental or on the material used to make them. Defendants say: "The finished product is what is introduced into Missouri and imposition of the use tax depends on whether that finished product was purchased outside Missouri and used in Missouri by the purchaser. Thus before the enactment of subdivision 8, IBM and persons like IBM, who manufactured machines and leased them in Missouri, would not be liable for a use tax on that machine." If defendants are correct and plaintiff has no use tax liability on the machines it manufactures elsewhere and brings into this state to rent, then there is no basis for its claim of discrimination.

Plaintiff cites no specific provision of our statutes which imposes liability for use tax on material bought in another state to manufacture a machine that is brought into this state by the manufacturer for his own use or to be rented by him and we have found none. The value of such material would surely be a small part of the value of the machine, the cost of which also would include labor cost, know-how and reasonable profit. Thus the amount of tax on the materials would be small compared to the tax on the completed machine, so that rentals would have some relation to the value of the completed machine but almost none as to the value of the raw material of which it was composed. For reasons hereinafter stated, we do not need to decide whether such differences would justify separate classification but we do think

these facts have some bearing on the determination of the applicability of our use tax.

 Our use tax is imposed by Sec. 144.610 "for the privilege of storing, using or consuming within this state any *article* of tangible personal property *purchased* on or after the effective date" of the use tax act. Furthermore, "[t]his tax does not apply with respect to the storage, use or consumption of any *article* of tangible personal property purchased, produced or manufactured outside of this state until the transportation of the *article* has finally come to rest within this state or until the *article* has become commingled with the general mass of property of this state." (Emphasis ours.) Exempt from our use tax by Sec. 144.615(3) is: "Tangible personal property, the sale of which, if made in this state, would be exempt from or not subject to the Missouri sales tax under the provisions of subsections 2 and 3 of section 144.030". These subsections include materials, replacement parts and equipment for replacing other equipment used in manufacturing. Also exempt from our use tax by Sec. 144.615(5) is: "Tangible personal property which has been subjected to a tax by any other state in this respect to its sales or use," providing for collection of the difference if the tax is less than ours. In Southwestern Bell Telephone Company v. Morris, Mo.Sup., 345 S.W.2d 62, 66, 85 A.L.R.2d 1033, we approved the characterization of a use tax as "'* * * a levy on the privilege of using within the taxing state property purchased outside the state, if the property would have been subject to the sales tax had it been purchased at home.'" From all of these provisions, our view is that our use tax applies to the completed *article* (machine here) that is brought into this state and not the items of raw material that went into its manufacture, which, of course, are greatly changed in form and could not be identified as separate *articles*. Because the machines involved herein were not purchased by plaintiff, but manufac-

tured by it, they are not subject to our use tax. Likewise, because the raw material used to make these machines was never used in this state as such, it seems reasonable to hold there is no basis for a use tax on its value because it is part of a machine which is the article used in this state. Our conclusion is that defendants are correct as to this alleged use tax liability. Of course, if plaintiff does not have use tax liability it claims it has, there is no discrimination and we so hold.

Plaintiff further contends that a valid tax on its rentals could be enacted only by amending Sec. 144.010, subd. 1(8) to include rentals of tangible personal property, made taxable by Sec. 144.020, subd. 1(8), in its definition of sale at retail, citing International Business Machines Corporation v. State Tax Commission, Mo.Sup., 362 S.W.2d 635, and Federhofer v. Morris, Mo.Sup., 364 S.W.2d 524. Plaintiff says in those cases we pointed out to the Legislature this simple method of subjecting such rental transactions to tax. Plaintiff says the failure of the Legislature to use this method, and instead providing a tax on the rental use of property which had not been subjected to sales or use tax on its purchase, caused uncertainty, confusion, conflict and vagueness which would render the rental tax enactment unconstitutional. Sec. 144.010 is a definition section while Sec. 144.020 is the section that imposes the tax. We see no good reason why the tax could not be imposed by amending Sec. 144.020 to tax these transactions as a rental service charge without defining it as a sale at retail. In the 1962 IBM case, we did not say that defining such rental service as a sale at retail was the only way to impose a valid tax on it. We said (362 S.W.2d l.c. 639): "By carefully defining 'sale at retail' and purposefully embracing in the definition and the tax certain rental-type transactions, it would appear that other rentals and leases were not embraced." In that case there was then nothing in the tax imposition statute, Sec. 144.020, to impose a tax on such rentals and the only claimed

basis for taxing rentals of IBM machines was that such rentals constituted sales at retail. Thus the basis of that decision was that since several rental-type transactions were included in the definition (in the definition Section 144.010) and rental of business machines were not included, we would not hold such transactions taxable as sales at retail. There is no basis for any doubt that Sec. 144.020, subd. 1(8) specifically makes these rental transactions taxable.

In view of our ruling that plaintiff has no use tax liability in bringing into this state for rental purposes the machines it manufactures, it is not necessary to consider its contention that certain regulations and rules of the Department of Revenue authorize an optional tax. Plaintiff says these authorized a purchaser of tangible personal property to be rented to pay the sales tax on the purchase price and have no liability for sales tax on rentals or to pay no sales tax on the purchase price and be liable to collect sales tax on the rentals. Plaintiff says this would violate Secs. 1 and 2, Art. X of the Missouri Constitution. Defendants say this option theory is not being followed but there is nothing in the record about it. This all goes to plaintiff's claim that Sec. 144.020, subd. 1(8) is so vague, confusing and inconsistent with the provisions of the sales and use tax laws as to constitute a violation of the constitutional provisions of equal protection and due process. Our ruling as to the meaning and application of the use tax provisions and the validity of the amendment to Sec. 144.-020 disposes of these contentions.

■ Plaintiff also claims the title of the 1963 act amending Sec. 144.020 was constitutionally defective because it did not adequately describe the content of the part of the bill which became Section 144.-020, subd. 1(8). The title to this act was: "An Act to repeal section 144.020, RSMo 1959 and sections 144.140, 144.285 and 144.-440, RSMo 1961 Supp., relating to sales and use tax and to enact in lieu thereof five new sections, relating to the same subject, with a severability clause." Laws 1963, p. 195. The requirement of Sec. 23, Art. III of the Constitution is that "[n]o bill shall contain more than one subject which shall be clearly expressed in its title". Plaintiff says: "The purpose of the constitutional provision that the subject matter of all bills shall appear in the title, is to permit the legislators to determine by examining the title of a proposed act, what its purpose is, so that proper consideration may be given it," citing State ex rel. United Railways Co. v. Wiethaupt, 231 Mo. 449, 133 S.W. 329; State ex rel. Niedermeyer v. Hackmann, 292 Mo. 27, 237 S.W. 742; State ex rel. Normandy School District of St. Louis County v. Small, Mo.Sup., 356 S.W.2d 864. Plaintiff argues that this title does not show that a new service was to be taxed or that there was an exemption from the tax on rental charges when a purchase for rental is made under conditions of sale at retail. However, the title did show what sections relating to sales and use tax were to be repealed (including 144.020) and that new sections relating to the same subject were to be enacted. Sec. 144.020 already included sales tax on several kinds of service or rental transactions and the amendment only added another so that the amendment did relate to the same subject. It does not seem reasonable to believe that members of the Legislature or others interested would be misled as to the subject matter of this amending act. Sec. 144.020 previously has been amended by acts using the same form of title. See Laws 1947, V. 1, p. 546; Laws 1945, p. 1865. Plaintiff cites the title to the 1935 act (Laws 1935, p. 411) and the 1937 act (Laws 1937, p. 552) but these were complete new acts. Our conclusion is that the title was sufficient.

The judgment is affirmed.

All concur.