THE STATE v. GEORGE G. HODGES, Appellant.

Division Two, November 24, 1908.

GAME AND FISH LAW: Explosives in Water: Section 7456 and Act of 1905: Consistent. Sections 7456 and 7464, Revised Statutes 1899, concerning the placing of explosives in the waters of this State, were not repealed or abrogated by section 29 of the Act of 1905. Laws 1905, p. 163. They are consistent, and the latter is supplementary of the former. Section 7456 strikes at the placing of explosives in waters whereby fish may be injured or killed and prohibits any person from catching or taking fish by such means. Section 29 goes further and makes the placing of explosives in the water for any purpose and in total disregard of the result a misdemeanor, except for mining or mechanical purposes or for the recovery of bodies of persons, and then only on permission of the warden.

Appeal from Shannon Circuit Court.—*Hon. Wm. N. Evans,* Judge.

AFFIRMED.

*E. J. Shuck* and *Clark & Yount* for appellant.

The information being filed and the trial had after the Act of 1905 went into effect, appellant could not be prosecuted under section 7456 nor convicted under section 7464, for the reason that said section 7464, which prescribes the punishment for the offense with which appellant was charged, had been super-

seded, abrogated and repealed by section 29 of the
Act of 1905.   The offense can not at the same time
be a felony and a misdemeanor, and the motion to
quash the information should have been sustained.
State v. Taylor, 186 Mo. 108.   The offense with which
appellant was charged being a misdemeanor, the first
instruction of the court was erroneous and should
not have been given, for the reason that the jury were
authorized under that instruction to find appellant
guilty of a felony and not a misdemeanor.

*Herbert S. Hadley,* Attorney-General, and *N. T.
Gentry,* Assistant Attorney-General, for the State.

It will readily be seen that section 29 makes it a
misdemeanor for any person to use dynamite or other
explosives in any of the waters of this State, whether
fish be killed or not, while section 7456 makes it a
felony for any one to use explosive substances in any
waters of the State whereby fish may be killed, injured
or destroyed, caught or taken from said waters.   The
offenses denounced by these respective sections are
entirely separate and distinct.   By one, the act of
using explosives in any of the waters of the State is
prohibited; while by the other, the use of such explo-
sives "in any of the waters of the State, whereby any
fish that may be in said waters may be killed, injured
or destroyed," is made a felony.   It often happens
that a single act, committed by a defendant, will make
him amenable to two or more of our criminal laws.
And many times a defendant is guilty of violating two
or more statutes by a single wrongful act.   For exam-
ple, a man may carry a pistol in his pocket and attend
a religious, political or social gathering, and he is
guilty of violating two statutes.   He may also carry
a pistol concealed and attend a political gathering at
a court house, which political gathering is held dur-
ing the session of some court, and he is guilty of vio-
lating three statutes.   It will readily be seen, there-

fore, that appellant's argument, although ingenious and able, is based on erroneous theory.    Repeals of statutes by implication are not favored, and our courts have often said that unless it was the clear intention of the Legislature to repeal a given statute the enactment of a subsequent statute, on the same subject, will not be treated as a repeal of a former one.  State ex rel. v. Wilder, 199 Mo. 487; State v. Taylor, 186 Mo. 615.  It will readily be seen, by the decision in this Taylor case, that the test which the court uses in determining an action of this kind is whether or not the two sections are irreconcilable the one with the other.    If so, both cannot stand, but if the one denounces one offense and the other another, they are reconcilable and valid.

FOX, P. J.—The defendant in this cause was charged in the circuit court of Shannon county with throwing dynamite in certain waters of this State, whereby the fish in said waters might have been killed, injured or destroyed, and whereby a large quantity of fish in said waters were killed, caught and taken from said waters, in violation of section 7456, Revised Statutes 1899.    The defendant was convicted of said offense and fined in the sum of $100, and the cause is pending in this court upon appeal from the judgment rendered in said cause.

Learned counsel for appellant make no point as to the sufficiency of the testimony to warrant a conviction, nor do they complain or assign any error respecting the regularity of the proceeding, but concede in their brief that there is but one question presented for determination in this cause and that is whether section 29 of the Act of 1905, Laws 1905, pages 163 and 164, abrogated or repealed sections 7456 and 7464, Revised Statutes 1899, which latter sections classify the offense as a felony and prescribe the penalty for its commission.    The information in this cause,

which was duly verified, omitting formal parts, thus charges the offense:

"L. B. Shuck, prosecuting attorney within and for the county of Shannon, and State of Missouri, under his oath of office and upon his own knowledge, information and belief, informs the court that George G. Hodges, late of said county, on or about the first day of June, 1906, at the said county of Shannon, State of Missouri, did then and there unlawfully, wilfully and feloniously use, put and throw into the waters of this State, to-wit, certain waters called Jack's Fork of Current River, there situate, a large quantity of dynamite, giant powder, nitroglycerine and other explosive substance of which nitroglycerine composed a part, with a felonious intent then and there, the fish in said waters being to kill, catch, injure and destroy and did by the means aforesaid then and there a large quantity of the fish kill, catch and take from said waters, against the peace and dignity of the State."

It being conceded that there is but one question submitted to this court for determination as heretofore indicated, we deem it unnecessary to burden this opinion with a reproduction of the evidence developed at the trial or the instructions of the court. Upon this state of the record there is nothing remaining to be done except to give expression of our views upon the only legal proposition presented for consideration.

## OPINION.

The information in this cause is predicated upon section 7456, Revised Statutes 1899, which provides:

"No person shall place or use in any of the waters of this State any medicated drug, any cocculus indicus, or fish-berry, or any other poisonous thing or substance, calculated to poison, kill or injure any fish, nor·shall by such means kill, catch or take any fish that may be in said waters, and no person shall place

any dynamite, giant powder, nitroglycerine or any explosive substance of which nitroglycerine composes a part, or any other explosive substance or preparation, in any of the waters of the State, whereby any fish that may be in said waters may be killed, injured or destroyed, and no person shall by such means kill, catch or take any fish from said waters.''

It is insisted by counsel for appellant that the foregoing section of the statute upon which this prosecution is based was repealed by section 29 of what is commonly called the Walmsley game law, enacted by the General Assembly and approved March 10, 1905. This section of the Walmsley act provides:

''The use of dynamite or explosives in any of the waters of this State is prohibited except by special permission and under the supervision of the State game and fish warden, and then only for mining or mechanical purposes, or to recover the bodies of persons. Any person, firm or corporation offending against any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than $500 nor more than $1,000 for each offense.'' [Laws 1905, p. 163.]

It is earnestly contended that the provisions of section 7456, Revised Statutes 1899, and the provisions of section 29 of the Act of 1905, as heretofore indicated, in so far as they attempt to prevent the use of explosives in the waters of this State, define the same offense and undertake to classify one as a felony and the other as a misdemeanor, and that as section 29 of the Act of 1905 is the later act, and classifies the offense as a misdemeanor, the defendant should have been proceeded against under that section. We are unable to give our assent to the insistence of learned counsel for appellant. In our opinion these two sections are directed to separate and distinct character of acts, which when done constitute

separate and distinct offenses.    The essential ele-
ments of the offense under the provisions of section
7456, supra, are not only the placing of the explosive
substance in any of the waters of this State, but it
is the placing of an explosive substance in the waters of
this State whereby any fish that might be in such waters
may be killed, injured or destroyed and in addition
that no person shall by such means kill, catch or take
any fish from such waters.    By the provisions of sec-
tion 29 the use of dynamite or explosives in any of
the waters of this State is absolutely prohibited ex-
cept by a special permission and under the supervis-
ion of the State game and fish warden, and then only
for mining or mechanical purposes or to recover the
bodies of persons.    Under the provisions of section
7456 the explosive and the use of it must be of such
a nature and character whereby the fish in the waters
of the State may be killed, caught or destroyed and
the use of it as a means to kill, catch or take away
fish from the waters of the State.

The people of this State have long felt the want
of proper legislation to protect the fish in the waters
of this State and the lawmaking power doubtless rec-
ognized the defenses that might be made to a charge
under the provisions of section 7456.    The accused
might say:    "I used the explosive, but I did not use
it for the purpose of killing fish, nor is it of such a
character whereby fish might have been killed or de-
stroyed in the waters of this State;" therefore, to
meet just such a pretext the law-making power enacted
section 29, which prohibits the use of dynamite or ex-
plosives in any of the waters of this State, except un-
der the conditions as heretofore indicated in section
29, and under the provisions of that section the offense
is complete when the explosives are placed in the wa-
ters of this State, except when done by the permis-
sion and under the supervision of the game warden

for mining or mechanical purposes or to recover the bodies of persons, and it makes no difference under the terms of that section whether the explosives were of such character or used in such a manner whereby fish in the waters of this State might be killed or destroyed, or not. In other words, the law-making power sought to take away all chances of the destruction of fish by means of explosives by simply saying, "You shall not use them at all except under certain conditions, whether they were calculated to kill fish or not."

These two sections are in no way inconsistent and both of them can be made effective and operative. As was said in the case of State v. Taylor, 186 Mo. 1. c. 615, "It is clearly the duty of courts, in construing two sections upon the same subject defining criminal offenses, to so construe them as to bring them in harmony, and make them both effective and operative, to the end that a remedy may be afforded for the evil sought to be suppressed." These two sections are easily susceptible of being made harmonious. As they now stand, if the defendant placed in the waters of this State explosives of such a nature and character whereby fish may be destroyed or injured, or used it as a means of killing and taking fish from the waters of this State, he should be proceeded against under the provisions of section 7456 for a felony. If on the other hand, he should use an explosive not of that character whereby fish might be destroyed, and not as a means for killing and taking fish from the waters of the State, yet fails to comply with the conditions required in obtaining the permission, etc., of the game warden, then he should be proceeded against under the provisions of section 29 for a misdemeanor. In our opinion it is clear that these two sections were intended to cover separate and distinct classes of acts done by persons handling dynamite or explosives.

We have thus given expression to our views upon

the only proposition confronting us in the record before us, which results in the conclusion that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.