THE STATE v. W. H. HURLEY, Appellant.

Division Two, May 26, 1914.

1. CONSTITUTIONAL STATUTE: Title: Purpose. The purpose of the clause of the Constitution (Art. 4, sec. 28) declaring that "no bill shall contain more than one subject, which shall be clearly expressed in its title," is that the title shall indicate generally what the act contains; that is, refer in comprehensive language to the subject-matter of the act, but not necessarily to subordinate matters connected therewith or reasonably within its purview.

2. ————: ————: ————: Incongruous Matter: Protection and Preservation of Fish: Selling or Keeping Dynamite Without Permit: Crime. The title of the act was: "An Act to amend Chapter 67 of the Revised Statutes of Missouri relating to fish, by adding an article thereto to be known as Article 3 and entitled 'The Protection and Preservation of Fish,' and to provide penalties for the violation of the same." Held, that said title did not indicate that the body of the act contained a section declaring that no person or corporation should have, keep, sell or give away dynamite or giant powder without first obtaining a permit from the county clerk, and making a failure to file an affidavit as to the use of such explosives a misdemeanor, and a failure to truthfully observe the requirements of the affidavit a felony. The sections are incongruous with the general purpose of the act and are not within the purview of the title, and are invalid.

3. ————: Making Same Act a Misdemeanor and Felony. A statute which makes a failure to file an affidavit to the effect that affiant will not use certain explosives in his possession in catching or killing fish a misdemeanor, and a failure to observe the provisions and requirements of said affidavit a felony, does not attempt to punish the same offense both as a misdemeanor and as a felony.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

REVERSED.

*Haywood Scott* for appellant.

(1) Section 28 of article 4, of the Constitution, which declares that no law enacted by the General

Assembly shall relate to more than one subject which shall be clearly expressed in its title, is mandatory and when a law is clearly and palpably in opposition to it, there is no other alternative but to pronounce it invalid. Williams v. Railroad, 233 Mo. 676; State ex rel. v. Gordon, 233 Mo. 388; State v. Rawlings, 232 Mo. 544; St. Louis v. Wortman, 213 Mo. 131; State v. Fulks, 207 Mo. 26; State v. Coffee and Tea Co., 171 Mo. 634; State ex rel. v. County Court, 102 Mo. 531; State v. Persinger, 76 Mo. 346; Kansas v. Payne, 71 Mo. 159. (2) The regulation of the business of dealing in dynamite, giant powder, etc., by requiring persons, corporations and joint stock companies who desire to continue in or engage in the dealing or sale of any such articles to first obtain a permit authorizing the same from the clerk of the county court, or mayor of the city of St. Louis, in whichever county or city such applicant may desire to do such business (Sec. 6539, R. S. 1909, being Sec. 5086c, Laws 1893, p. 173) is not constitutionally covered by its title. St. Louis v. Wortman, 213 Mo. 131; State v. Coffee and Tea Co., 171 Mo. 634; Water-Power & Land Co. v. State, 49 Neb. 223; State v. Duson, 130 La. 488; Hawkins v. Copper Ex. Co., 69 N. J. L. 126; Shepherd v. Connolly, 141 N. W. 556; State v. Steelman, 66 N. J. L. 518; Shooting Club v. Lamoreaux, 89 N. W. 823. (3) In order for the title of an amendatory act to be sufficient where it contains merely a reference to the act, or section, to be amended, the amendatory act must deal exclusively with the subject of the act, or section, amended. And where the amendatory act enlarges the act amended by adding new subjects some of which are not referred to either in the act amended or in the title of the amendatory act, then for a more powerful reason, is the amendatory act unconstitutional as to such new subjects which are not expressed in its title. State ex rel. v. Heege, 135 Mo. 118.

*John T. Barker,* Attorney-General, for the State; *Paul P. Prosser* of counsel.

( 1) The title in this case is sufficient. State ex rel. v. Gordon, 223 Mo. 1; State ex rel. v. Taylor, 224 Mo. 393; State v. Brodnax, 228 Mo. 25. (2) Defendant claims that there are two punishments for this offense, one punishment making it a felony and one a misdemeanor. Defendant complains that he was prosecuted for a misdeameanor instead of a felony, but as this was in his own favor he should not complain. State v. Skillman, 228 Mo. 439; State v. Foster, 187 Mo. 590.

WALKER, P. J.—The appellant was charged in an information filed by the prosecuting attorney of St. Louis county with unlawfully retaining and keeping in his possession and under his control dynamite and giant powder, which he sold and disposed of without first having obtained a permit so to do, from the clerk of the county court of St. Louis county. A motion to quash the information was filed and overruled, a jury waived, trial was had before the court on an agreed statement of facts, and appellant was found guilty and fined fifty dollars. After the usual procedure, he appeals to this court.

Error is assigned in the overruling of the motion to quash the information; and the court's refusal to declare the law to be that appellant was not guilty under the agreed statement of facts.

The grounds of the motion to quash were that the information did not state facts sufficient to show any violation of the law; did not state facts that constitute a public offense under the laws of the State; was indefinite and uncertain and did not inform the appellant of the nature of the offense charged against him; was invalid as being violative of section 28 of article 4 of the Constitution of Missouri, which provides that no bill (except general appropriation bills) shall con-

tain more than one subject, which shall be clearly expressed in its title; that the act in which the section is found under which appellant was charged, as first enacted was entitled, "An Act to amend Chapter 67 of the Revised Statutes of the State of Missouri, 1889, relating to fish, by adding an article thereto to be known as article 3 and to be entitled 'The Protection and Preservation of Fish,' and to provide penalties for the violation thereof" (Laws 1893, p. 173); and because there is nothing in said title to indicate that persons, corporations, etc., have no right to have, retain, keep, or sell dynamite, giant powder, etc., without first obtaining a permit from the clerk of the county court, and because said act makes a failure to file an affidavit as to use of such explosives a misdemeanor, and a failure to truthfully observe the provisions and requirements of said affidavit when made, a felony.

The agreed statement of facts is that the appellant was an employee or agent of a powder company, and as such, on the date named in the information, was engaged in delivering, to customers of said company, dynamite and giant powder, which he kept in his possession for such delivery, without having obtained a permit so to do from the county clerk of St. Louis county, and that neither he nor the company he represented had obtained such permit as required by section 6539, Revised Statutes 1909, nor had he or said company which he represented made the affidavit required by section 6540.

The question submitted as to the sufficiency of the title to the statute (Laws 1893, p. 173, or what is more particularly under consideration here, Secs. 6539 to 6544, both inclusive, R. S. 1909) will suffice to determine whether or not these sections as incorporated into the original act constitute a compliance with the Constitution regarding the title to legislative enactments. The purpose of the constitutional provision (Sec. 28, art. 4, Con. Mo.) is that the title shall gen-

erally indicate what the act contains, and by the terms
"generally indicate" we mean that it shall refer in a
comprehensive manner to the subject-matter of the en-
actment, but it need not necessarily refer to subordi-
nate matters connected therewith or reasonably within
the purview of the statute.

In the act under consideration, the title is limited
to the "Protection and Preservation of Fish," and
while the use of explosives in the destruction of fish
is elsewhere prohibited in the statute, and punishment
prescribed, the terms of the particular sections under
review are not limited to the prohibition of such use,
but they proceed further and in a general way require
the procuring of permits before one is authorized to
keep in his possession, sell, give away or in any manner
dispose of the explosives therein enumerated. Other
requirements and restrictions are prescribed in no
way connected with the act, in regard to the protection
and preservation of fish, except that the party pro-
curing the permission to deal in the explosives named,
is required to make an affidavit that he will not use
same in catching or killing fish, or permit others so to
do, and further that he will not have such explosives
in his possession without having made such affidavit,
etc.; these requirements are inserted in what is, in
fact, a general statute regulating the dealing in and
use of explosives and are not sufficient to bring the
sections under review fairly within the purview of the
title. In fact, the sections under consideration, save
for the connection mentioned, are not in harmony with
the remainder of the act and by no reasonable con-
struction can they be said to have any legitimate con-
nection with the title to same; no matter, therefore, how
much latitude may be given to the rule of construction
in regard to the comprehensiveness of titles, the sec-
tions cannot be regarded as otherwise than incongru-
ous. The original act, therefore, in so far as it at-
tempts, in addition to providing for the protection

and preservation of fish, to prescribe generally · the manner in which explosives shall be used or dealt in is in violation of the constitutional provision (Sec. 28, art. 4, supra), that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

We would not be understood as holding that the invalidity of the statute applies to other than sections 6539 to 6544, both inclusive, as the other provisions of the act which have been carried forward and inserted in what is now chapter 49, article 2, Revised · Statutes 1909, entitled, "The Preservation of Fish and Game," are reasonably included within such title and are not subject to the objection urged and sustained against the sections under review.

We are not impressed with the other objections urged by the appellant to the statute in question, especially with the contention that the same offense is attempted to be punished both as a felony and a misdemeanor.

It was well said in State v. Taylor, 186 Mo. l. c. 615, that it was our duty "in construing two sections on the same subject defining criminal offenses, to so construe them as to bring them in harmony, and make them both effective and operative, to the end that a remedy may be afforded for the evil sought to be suppressed." The rule announced in the Taylor case was affirmed in a well considered opinion by Fox, J., in State v. Hodges, 214 Mo. 376, in which it was held that what are now section 6538 and section 6546, Revised Statutes 1909, which define certain offenses as felonies, were not in conflict with section 6537, Revised Statutes 1909, in the same article, which defined the offenses therein enumerated as misdemeanors, for the reason that different offenses were defined and consequently different punishments were authorized. A like rule is applicable here, especially in view of the fact that certain of the sections there construed are here reviewed.

From all of the foregoing it follows that the judgment of the trial court should be reversed, and it is so ordered. *Brown, J.,* concurs; *Faris, J.,* not sitting.