THE STATE, Appellant, v. CHARLES McENIRY.

Division Two, December 6, 1916.

1. **CONSTITUTIONAL LAW: Amendment: New Section: Title.** If a section of the Revised Statutes is to be amended the title should give notice of the amendment, and if a new section is to be enacted in lieu of one to be repealed the title should announce that fact.

2. ————: **Title: Broader Than Act: Act Broader Than Title: Burning Carcasses of Diseased Swine.** The title of the act (Act of March 22, 1913, Laws 1913, p. 222) was: "An Act to repeal section 4868 of article 8, chapter 36, Revised Statutes of the State of Missouri, 1909, entitled, 'Swine dying of disease to be burned—notice of possible contagious disease to be posted—other provisions.' Providing penalty for violation of this act." The body of the act purports to repeal the section mentioned in the title, and to enact a new section in lieu thereof, but does not provide any penalty. *Held,* that the new section is clearly outside the title and void: and the words "Providing penalty for violation of this act" were misleading, because no penalty was mentioned in the bill.

Appeal from Pettis Circuit Court.—*Hon. Hopkins R. Shain,* Judge.

AFFIRMED.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) The title to the amendatory act (Laws 1913, p. 222) is sufficient. Amendments to sections of the revised statutes may be made by acts whose titles refer to those sections by numbers. State ex rel. v. County Court, 128 Mo. 439. (2) The purpose of a title to a bill is to indicate to the members of the Legislature in clear terms its general contents. Ferguson v. Gentry, 206 Mo. 198; State ex rel. v. Miller, 100 Mo. 445; State ex rel. v. Revelle, 257 Mo. 538. (3) Where the evident purpose of the repeal is to displace the old law and substitute the new in its stead, as in the case at bar, the repealing section or clause, being dependent upon that purpose of substitution, necessarily falls when falls the main purpose of the act. Lewis's Sutherland on Stat. Const., sec. 245; State v. Thomas, 138 Mo. 99; Jodd v. Railroad, 259 Mo. 241; Carr v. Indian, 11 L. R. A. 374. (4) If the Act of 1913 purporting to repeal Sec. 4868, R. S. 1909, is unconstitutional, then said section is and was at the time of committing the alleged offense, valid and still in force. See authorities under point 3. (5) Sec. 4869, R. S. 1909, prescribes the penalty for a violation of the act in question, and it is not invalid for the reason that it does not provide a penalty.

*D. E. Kennedy* for respondent.

The title of an act is to indicate to the members of the Legislature and the people in clear terms the general contents of the bill—it must be a fair index. State v. Miller, 45 Mo. 495; State ex rel. v. County Court, 51 Mo. 350; Kansas City v. Payne, 71 Mo. 162; State v. Burgdoerfer, 107 Mo. 17; Wetzmann v. Railroad, 131 Mo. 618; State ex rel. v. Borden, 164 Mo. 236; Williams v. Railroad, 233 Mo. 676; State v. Distilling Co., 237 Mo. 103; State v. Rawlins, 232 Mo. 559.

ROY, C.—The defendant was charged by information with a failure to burn the carcasses of swine owned by him, which had died of cholera.

The court sustained a motion to quash the information on the ground that the Act of March 22, 1913 (Laws 1913, p. 222), is void. That act is entitled as follows:

"An Act to repeal section 4868 of article 8, chapter 36, Revised Statutes of the State of Missouri, 1909, entitled 'Swine dying of disease to be burned—notice of possible contagious disease to be posted—other provisions.' Providing penalty for violation of this act."

The body of that act purports to repeal the section mentioned in the title, and to enact a new section in lieu thereof, and it does not provide any penalty. The new section there attempted to be enacted is clearly outside the title of the act and void.

It is true that a section of the Revised Statutes may be amended by a bill the title of which gives notice that the bill is an amendment of such section, without other description of the subject-matter. [State ex rel. v. County Court, 128 Mo. 1. c. 440, and cases there cited.] But the title of the bill here under discussion does not give notice that the section is to be amended, or that a new section is to be enacted in place of it. It merely says that it is to be repealed. The fact that such title contained the words, "Providing penalty for violation of this act," does not save the bill. Those words were misleading as no penalty was mentioned in the bill. The amendment made by the bill was not in the title, and the penalty called for by the title was not in the bill. The title was misleading in both respects and one of those errors does not heal the other.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All of the judges concur.