# THE STATE v. JOHN MULLINIX, Appellant.

### Division Two, December 3, 1923.

1. **CONSTITUTIONAL QUESTION:** Search and Seizure: Elimination.
Where the court sustained a motion to quash a search warrant,
and no evidence obtained or alleged to have been obtained in pur-
suance of the warrant was introduced at the trial, the question
whether the warrant required defendant to testify against himself,
in violation of his right guaranteed by the search-and-seizure
clauses of the State and Federal Constitutions, is eliminated from
the case.

2. ———: **Title:** Prohibition Act: Possession of Intoxicating Liquor.
The title of an act is sufficient if it indicates in a general way
the contents of the act. The title of the Act of 1921 was: "An
Act to amend Article 7 of Chapter 52 of the Revised Statutes of
Missouri, 1919, relating to prohibition by amending Section 6588
thereof, by adding certain words and by adding new sections to
said chapter to be known as Sections 6590a, 6592a, 6594b and
6594c, and by repealing Section 6595, and re-enacting the same, to
be kown as Section 6595." *Held*, that the title was sufficiently
comprehensive to authorize the insertion in the body of the act of
a section making it unlawful to "possess" intoxicating liquors, al-
though the word "possess" does not expressly appear in the title
of said Act of 1921 or in the title of the act which it attempts to
amend.

3. ———: ———: **Amendatory Act:** General Words: Congruity.
The generality of the title will not affect the validity of an act
if it does not serve to cover up or obscure incongruous provisions
therein. If the amendatory act pertains to and admits of being
made a consistent part of the act to be amended, there is no in-
congruity.

4. ———: ———: ———: **Numerical Reference.** Numerical refer-
ence in the title to the sections of the existing law sought to be
amended, without a further statement of its subject-matter, is a
sufficient title to an amendatory act which deals exclusively with
the subject of the sections to be amended.

5. **PROOF OF CORPUS DELICTI:** Extrajudicial Confession: Posses-
sion of Intoxicating Liquor. An uncorroborated extrajudicial con-
fession is not sufficient to prove the *corpus delicti*. A confession
of a crime, not made in open court or before a committing magis-
301 Mo.—25.

trate, and without proof *aliunde* that a crime has been committed, will not sustain a conviction. A naked extrajudicial confession made by defendant that he had theretofore bought a number of gallons of whiskey which had been taken from him by a Federal officer, unsupported by any extraneous facts or circumstances tending to prove that the offense had been committed, will not sustain a charge that he was in the unlawful possession of intoxicating liquor. And the rule applies to misdemeanors, unless there is a statute to the contrary.

Appeal from Dent Circuit Court.—*Hon. W. E. Burton,* Judge.

REVERSED AND REMANDED.

*William P. Elmer* for appellant.

(1) Defendant was charged with having possession of intoxicating liquors under the Act of 1921. Prior to the passage of this act it was not a violation of the law to "possess" intoxicating liquors. By this act it was intended to place possession on the same basis as selling. The Act of 1919 is now Sec. 6588, R. S. 1919. There is nothing in the original act or the title thereto about "possession" of liquors. The Act of 1921 undertakes to make possession a violation. The title to this act does not contain the word "possess," nor refer to possession in any way. The first mention of "possess" is in Section 1 of the act. Sec. 6588, R. S. 1919, was not repealed, and Sec. 6588 of the 1921 Act re-enacted in lieu thereof, but Section 1 of the Act of 1921 purports to amend Sec. 6588, R. S. 1919, by striking out all of the section after the word "sell" and by adding certain word, without setting them out. The title of the Act of 1921 does not contain any reference to striking out any part of Section 6588. It merely adds certain words without setting them out. Neither the original title of the Act of 1919, nor the title of the Act of 1921, contain any reference to the possession of intoxicating liquors, nor to the striking out of that portion of the Section 6588 after the word "sell." Hence Section 1 of the Act

State v. Mullinix.

of 1921 is void in that it violates Sec. 28, Art. 4, of the Constitution, requiring the title to an act to set out its purpose. Sec. 6588, R. S. 1919; Laws 1921, p. 413; Laws 1919, p. 408. (a) The Constitution provides that no bill shall contain more than one subject-matter which shall be clearly expressed in the title of the bill. The original act did not legislate upon the possession of liquors. The Act of 1921 attempted to do this, but the title contains nothing that suggests legislation on possession. The same is true of the articles mentioned in the section. Sec. 28, Art. 4, Mo. Constitution; State v. Hurley, 167 S. W. 965; State ex rel. v. Gideon, 199 S. W. 948; State ex rel. v. Gideon, 273 Mo. 79; State ex rel. v. Gideon, 210 S. W. 358; Booth v. Scott, 205 S. W. 633. (b) As there is no reference to striking out "certain words" or any part of Sec. 6588, R. S. 1919, in the title of the Act of 1921, that section is left with the original and added words, and the whole section is rendered unintelligible when the added words are read into it. (c) when a new section is enacted and the title does not provide for it, the new section is void. State v. McEniry, 190 S. W. 272; State v. Sloan, 167 S. W. 501. (2) Defendant's Instruction 5, that actual possession of liquors was not proven, should have been given. Defendant's alleged statements are not shown to have related to the transaction. Defendant is not shown to have had the possession of whisky. We challenge the proofs of the offense.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondent.

The Act of 1921, making possession of intoxicating liquors illegal, is constitutional. Laws 1921, p. 413; Asel v. Jefferson City, 287 Mo. 195, 205; State ex rel. v. County Court 128 Mo. 440; Ex parte Karnstrom, 249 S. W. 595.

WALKER, J.—An information was filed in the Circuit Court of Dent County charging the appellant with

the unlawful possession and sale of intoxicating liquors. The count charging the sale was dismissed. A trial was had to a jury on the remaining charge, resulting in a conviction and fine of three hundred dollars. From this judgment appellant has perfected an appeal to this court on the ground that constitutional questions are involved. The first of these is based on a motion to quash the search warrant issued herein on the ground that the authority thereby conferred required the appellant, in violation of Section Eleven of Article Two of the State Contitution and Article Two of the Amendments of the Federal Constitution, to furnish evidence against himself. The court heard testimony on the motion filed to quash, which was sustained; and no testimony obtained or alleged to have been obtained by virtue of the warrant was introduced at the trial. These facts eliminate this alleged constitutional question from consideration as a ground of jurisdiction.

A motion was thereupon filed by the appellant to quash the information in which, among other matters not pertinent here, it was alleged: ''Because the act of January 16, 1919, entitled 'An Act prohibiting the manufacture, sale, gift of intoxicating liquors,' etc., as amended by an act approved March 28, 1921, on page 413 of the Session Laws of 1921, is violative of Section 28, Article 4, of the Constitution of Missouri, in that the title to the original act and the amendment thereto does not sustain the proposed amendment set out in Section 1 of the Act of 1921, making it unlawful to 'possess' intoxicating liquors; and that said laws of 1921 are indefinite, uncertain and incapable of interpretation. That the body of said act does not conform to the title thereof, in that the subject-matter legislated upon is not expressed in the title of the original act or in the amendment.''

The title against which the objection is leveled is as follows: ''An Act to amend Article 7, of Chapter 52, of the Revised Statutes of Missouri 1919, relating to prohibition by amending Section 6588 thereof, by adding certain words and by adding new sections to said

chapter to be known as Sections 6590a, 6592a, 6594a, 6594b, and 6594c, and by repealing Section 6595 and re-enacting the same, to be known as Section 6595."

The gist of appellant's contention is that the title to the Act of 1921, Laws 1921, pp. 413-417, amendatory of Article VII, Chapter 52, Revised Statutes 1919, does not conform to the requirements of Section 28 of Article 4 of the State Constitution, in that such title does not contain the word "possess" nor concretely refer to same as one of the offenses concerning intoxicating liquors denounced in said article as set forth in the body of the amendatory act, but simply provides generally for the addition of words to the section in which the word "possess" is inserted. It is not contended that the manner in which the amendment is made as shown by the body of the act is violative of the Constitution in that it does not conform to Article 4, Section 28 and 34, of the State Constitution.

I.   The contention made involves a misconception of the meaning of the constitutional provision relied upon.  Its language, so far as concerns the matter under consideration, is that "no bill"—saving the exceptions therein noted—"shall contain more than one subject which shall be clearly expressed in its title." So frequently has this provision been construed that scarcely a word of same remains that has not been subjected to interpretation. This fact may be demonstrated by a review of the many cases on this subject. The meaning of the provision, often repeated, is, that a title is sufficient which indicates in a general way the contents of the act. [State ex rel. v. Roach, 258 Mo. 541; State v. Hurley, 258 Mo. 275.] A constitutional restriction upon legislative action similar in its material features to that under review is found in the Constitution of 1865 (Art. 4, sec. 32).  The rule of construction referred to was held applicable to this section. There has been no variance from this ruling in construing the like provision in the present Constitution.  [Ensworth v. Albin, 46 Mo. 450; In re

Burris, 66 Mo. 442; State v. Brassfield, 81 Mo. 151; Lynch v. Murphy, 119 Mo. 163; State v. Cantwell, 179 Mo. 245; State v. Doerring, 194 Mo. 398; State v. Wortman, 213 Mo. 131; State ex rel. v. Vandiver, 222 Mo. 206; Asel v. Jefferson City, 287 Mo. 195; Ex parte Karnstrom, 249 S. W. 595.]

The generality of a title will not affect its validity where it does not tend to cover up or obscure legislation which is in itself incongruous. A requisite to congruity is that the amendatory act shall pertain to and admit of being made a consistent part of the law to be amended. The disposition of the courts has always been to avoid thwarting the efficiency or evident salutary effect of legislative action by a liberal interpretation of the constitutional provision. [Burge v. Railroad, 244 Mo. 76; Booth v. Scott, 205 S. W. (Mo.) 633.]

With this end in view it has frequently been held that a numerical reference, as in the case at bar, to the section sought to be amended without a statement of the subject-matter of the amendatory act, is a sufficient title to an act which deals exclusively with the subject of the section to be amended. The following cases are illustrative of this ruling: State ex rel. v. County Court, 128 Mo. 440; State ex rel. v. Heege, 135 Mo. 112; State ex inf. Hadley v. Herring, 208 Mo. l. c. 722; State v. Murray, 237 Mo. l. c. 166; State ex rel. v. Imel, 242 Mo. l. c. 303; State v. Helton, 255 Mo. l. c. 180; Ex parte Hutchens, 246 S. W. (Mo.) l. c. 188; Asel v. Jefferson City, 287 Mo. l. c. 204; McCue v. Peery, 293 Mo. l. c. 234. State v. McEniry, 269 Mo. 228, is not in conflict with these rulings. In that case the title was clearly misleading and the incongruity between the title and the context of the amendatory act was apparent. The act therefore came within the restrictive provision of the Constitution. Other cases cited by appellant are distinguishable from the case at bar on account of a difference in their facts from those in the latter case, and hence do not support his contention. We therefore hold the title to be sufficient.

II. Other contentions made by the appellant may, in their last analysis, be crystallized in the objection that

the State's testimony was insufficient to sustain the conviction.

The charge was the unlawful possession of intoxicating liquor; the proof offered to sustain it was an extrajudicial confession made by the appellant that Proof of he had theretofore bought a number of gallons Corpus of whisky from one Pankey which had been taken Delicti. from him (appellant) by a Federal officer.

This testimony was not corroborated by proof of the *corpus delicti.* From our earliest rulings on this subject to our latest, including as well the rulings of the Courts of Appeals, we have held that confessions of a crime not made in open court or before a committing magistrate and without proof *aliunde,* that a crime has been committed, will not sustain a conviction. [Robinson v. State, 12 Mo. 592; State v. Scott, 39 Mo. 424; State v. German, 54 Mo. 526; State v. Cox, 264 Mo. 408; State v. Meyer, 293 Mo. 1. c. 113; State v. Knolle, 90 Mo. App. 238; State v. Johnson, 236 S. W. (Mo. App.) 365.] It is true, we have held that such suppletory proof need not be conclusive in its character. When a confession is made and the circumstances therein related correspond in some points with those proven to have existed this may constitute evidence sufficient to satisfy a jury in returning a verdict of guilty. Thus it follows that full proof of the body of the crime, independently of the confession, is not required, but on the contrary, what may seem to be slight corroborating facts have been held sufficient. [State v. McCord, 237 Mo. 1. c. 246; State v. Knowles, 185 Mo. 1. c. 177; State v. Walker, 98 Mo. 1. c. 111 and cases; State v. Patterson, 73 Mo. 695.]

However, in the instant case the testimony for the State consisted of the naked confession of the accused, unsupported by any extraneous facts or circumstances to prove that the offense had been committed. The instruction asked by the appellant therefore in the nature of a demurrer to the evidence at the close of the case should have been given.

The fact that the case is a misdemeanor offers no reason for the non-application of the rule. It is only in

jurisdictions in which there is a statute to that effect that a modification of the rule as applied to misdemeanors is authorized.

It is evident from the nature of appellant's confession that the prosecution could, by the exercise of that diligence necessary to the effective prosecution of offenses of this character, have procured the additional testimony necessary to sustain a conviction. This was not done. That an opportunity in that behalf may be extended we reverse and remand this case.

It is so ordered. All concur.