The State ex rel. Sam Lorantos and George Lorantos, Doing Business as Lexington Blue Bus Line, v. Ben Terte, Judge of Circuit Court of Jackson County.—23 S. W. (2d) 120.

Court en Banc, December 30, 1929.

*E. H. Henning, Otto & Potter* and *John D. Wendorff for relators.*

*S. L. Trusty, Edw. E. Pugh, Jr.,* and *John F. Cook* for respondent.

GANTT, J.—Original proceeding in prohibition. Relators seek to prohibit respondent, Judge of the Circuit Court of Jackson County, from proceeding with the trial of Mary Ethel Dishman v. Sam and George Lorantos. Our preliminary rule was granted and respondent demurs to the petition alleging it does not state facts sufficient to constitute a cause of action or authorize the court to grant any relief to relators. The facts summarized from the petition follow:

Mary Ethel Dishman claims to have been injured while a passenger in a motor bus owned and operated by relators, from Lexington (Lafayette County) to Kansas City (Jackson County). She brought suit against relators in the Circuit Court of Jackson County and charges her injuries were caused by the negligence of relators in operating the bus. Summons directed to the Sheriff of Cole County was issued commanding relators to appear in the Circuit Court of Jackson County and answer said petition. The sheriff executed the writ in Cole County by serving the same on the Secretary of the Public Service Commission as provided in Section 13, Article VIII, Chapter 95, Laws 1927, page 409.

Relators filed a plea to the jurisdiction of the court and a motion to quash the sheriff's return of summons, for the reason Section 13 is unconstitutional in that it contravenes Section 28, Article IV, of the Constitution, and that relators and Mary Ethel Dishman being residents of Lafayette County, the venue is fixed by Section 1177, Revised Statutes 1919, in said county. The judge indicated he would overrule the plea and motion and proceed with the trial of the cause. Thereupon, relators petitioned this court for relief.

Relators contend the title to the act does not cover the service and venue provisions of Section 13.

The title and section challenged follow:

"AN ACT amending chapter 95, Revised Statutes of Missouri, 1919, by adding thereto a new article to be numbered article VIII providing for the supervision, regulation and conduct of transportation of persons for hire over the public highway of the state of Missouri by motor vehicles; conferring jurisdiction upon the public service commission to license and regulate such transportation; providing for the enforcement of the provisions of this act and for the punishment for violation thereof; and repealing all acts or parts of acts or laws inconsistent with the provisions of this article."

"Sec. 13—*Suit may be brought in any county where cause of action may arise.*—Suit may be brought against any motor carrier as in this act defined in any county where the cause of action may arise, in any town or county where bus line operates, or judicial circuit where the cause of action accrued, or where the defendant maintains an office or agent, and service may be had upon such carrier whether an individual person, firm, company, association, or corporation, by serving process upon the secretary of the public service commission."

The subject of the bill is single in that the title clearly expresses the only intention to be the supervision, regulation and conduct of those engaged in transporting persons in motor vehicles for hire over the public highways. It is then stated that provision will be made for the Public Service Commission to license and regulate such car-

riers. It is then stated that provision will be made for the enforcement of the act and for the punishment for violations thereof. The statute is a comprehensive effort in that behalf.

Those so engaged are declared to be common carriers. And among the many rules for conducting the business, it is provided that before carriers are licensed they must be covered by liability insurance binding the obligors to make compensation for injuries to persons and damages to property resulting from the negligent operation of the motor vehicle. It is further provided that certain safety rules set forth in the act must be included in the rules promulgated by the commission; and one rule provides the carrier must make a detailed report covering accidents arising from the operation of motor vehicles. Further, and as indicated by the title, the act provides for the issuance of licenses and such additional regulation as may be deemed necessary by the commission. Of course, provisions for the enforcement of the act and punishment for violation thereof are necessary to the main purpose announced in the title. Promulgation of rules without means for enforcement would be no regulation. Thus it appears the protection of the traveling public was the purpose of the act.

We have not hesitated to rule an act or part of act unconstitutional when the legislation was clearly outside the title. This is evidenced by cases cited by relators, which follow: Southard v. Short, 8 S. W. (2d) 903; State v. Hurley, 258 Mo. 275, 167 S. W. 965; State v. Sloan, 167 S. W. 500, 501-2; St. Louis v. Wortman, 213 Mo. 131, 112 S. W. 520; State ex rel. School District v. Hackmann, 292 Mo. 27, 237 S. W. 742; Mayes v. United Garment Workers of America, 6 S. W. (2d) 333; State v. Mullinix, 301 Mo. 385, 257 S. W. 121.

On the other hand we resolve the doubt, if any, in favor of validity, if the challenged legislation is germane and relates either directly or indirectly to the main subject. [State v. Miller, 45 Mo. 496; State ex rel. v. Mead, 71 Mo. 266; DeBoth v. Coal & Mining Co., 141 Mo. 497, 1. c. 503, 42 S. W. 1081; St. Louis v. Tiefel, 42 Mo. 578; State ex rel. v. Slover, 134 Mo. 10, 31 S. W. 1054, 34 S. W. 1102; State ex inf. v. Firemen's Fund Ins. Co., 152 Mo. 1, 1. c. 45, 52 S. W. 595; State v. Doerring, 194 Mo. 398, 1. c. 47, 92 S. W. 489; O'Connor v. Transit Co., 198 Mo. 622, 1. c. 633, 97 S. W. 150; State v. Smith, 233 Mo. 242, 1. c. 255, 135 S. W. 465; State v. Brodnax, 228 Mo. 25, 1. c. 53, 128 S. W. 177; State v. Peyton, 234 Mo. 517, 1. c. 524, 137 S. W. 979; St. Louis v. Liessing, 190 Mo. 464, 1. c. 489, 89 S. W. 611; Cunningham v. Railroad, 215 S. W. 5, 1. c. 9; Nalley v. Ins. Co., 250 Mo. 452, 1. c. 467, 157 S. W. 769.]

In Ewing v. Hoblitzelle, 85 Mo. 64, we said: "When all the provisions of a statute fairly relate to the same subject, have a natural connection with it, are the incidents or means of accomplishing it,

then the subject is single, and if it is sufficiently expressed in the title the statute is valid." In State ex rel. v. Miller, 100 Mo. l. c. 445, BLACK, J., said: "In adopting a title the Legislature may select its own language, and may use few or many words. It is sufficient that the title fairly embraces the subject-matter covered by the act; mere matters of detail need not be stated in the title.'"

And the applicable law is well stated in standard texts as follows: "A title need not disclose the means and instrumentalities provided in the body of the act for accomplishing its purpose; where all the provisions are reasonably necessary as means for attaining the object of the act indicated by the subject which is expressed in the title they are considered as included in the title as sub-divisions of the general subject there stated." [25 R. C. L. 858.]

"An act to regulate any specific business, or the use of property, or regulating human conduct in any way, or to prohibit acts or things, or to protect persons or property or public or private rights, may include penal provisions, or provisions imposing a civil liability or giving a civil remedy, without such penalties, liabilities or remedies being referred to in the title. The imposition of both civil and criminal liabilities in the same act does not create a duality of subjects." [1 Lewis-Sutherland Statutory Construction (2d) 230.]

It must be conceded that a restricted venue for suits against common carriers operating through several counties and the application to them of the usual method of serving process, would encourage insufficient equipment and negligent operation. On the other hand, the provisions of the challenged section encourage proper equipment and the operation of vehicles in a careful and prudent manner. They are highly regulatory and tend to the safety and convenience of the traveling public. Furthermore, the provisions are germane to the wide purpose announced in the title and are connected with the main subject. They are "for the enforcement of the provisions of the act" and do not contravene the constitutional mandate. It follows the petition should be denied and our preliminary rule discharged. It is so ordered. All concur.