CITY OF COLUMBIA v. PUBLIC SERVICE COMMISSION OF MISSOURI, Appellant.—43 S. W. (2d) 813.

Division One, November 20, 1931.

*D. D. McDonald* and *J. P. Painter* for appellant.

*Ralph L. Alexander, Howard F. Major* and *Clark, Boggs, Cave & Peterson* for respondent.

ATWOOD, J.—Respondent, City of Columbia, filed petition in the Circuit Court of Cole County seeking injunctive relief against appellant, Public Service Commission of the State of Missouri.

The petition alleges the organization and existence of plaintiff as a city of the third class, and that for a period of more than twenty-five years it has been and is the owner of a certain electric light plant located in the city of Columbia, Missouri, and operates the same as a municipal plant for the purpose of furnishing its citizens with electric current for lighting and power uses, and that the rates charged therefor are fixed and determined by plaintiff's city council and by it regulated so as to meet the needs of plaintiff in the operation thereof.

The petition further alleges the organization and existence of the Public Service Commission of the State of Missouri, and that on March 7, 1930, certain residents of the city of Columbia filed a petition in the nature of a complaint with said commission, claiming that the rates charged by plaintiff for electric current used for

lighting, heating and power purposes are higher than justified; that the income derived from the sale of electric current by plaintiff is greater than needed in the operation and maintenance of said plant; that part of the funds are being illegally used for purposes other than the operation of said plant; and praying said commission to make an inventory and appraisement of the electrical property belonging to plaintiff and to fix fair and reasonable rates to be charged by plaintiff therefor.

Plaintiff's petition further alleges that thereupon said commission ordered plaintiff to answer said complaint, and pursuant to said order plaintiff filed answer setting out that it is a municipal corporation, and that said plant is owned and operated by it as a municipally-owned electric light plant, and denying that said commission has any jurisdiction or authority to regulate it in the operation of said plant; that thereafter, on April 7, 1930, said commission ordered its engineering department to make an inventory and appraisement of said electrical property and ordered its auditing department to make an audit of the books and records of said property for the purpose of furnishing information deemed necessary for said commission in its determination of the present fair value, proper operating charges and fair rates for services of said property.

Plaintiff's petition further alleges that thereafter it filed a motion to dismiss said complaint and vacate said order for the reason that the commission is without legal authority to fix electrical rates for plaintiff in the operation of its municipally owned plant, and because under the laws of this State it is without legal authority to interfere with or control plaintiff in the operation of its said plant; and that said commission has overruled said motion and is disregarding all protests of plaintiff and is about to proceed with the work of appraising said property and auditing its books, and is about to proceed to determine the reasonableness of rates charged by plaintiff for electric light and power.

The petition then sets forth reasons, hereinafter referred to, why the commission is without jurisdiction to entertain said complaint and issue said orders, and further alleges that if the commission is permitted to proceed with its orders to appraise said property and audit its books preparatory to fixing said rates it will spend an amount of money in excess of ten thousand dollars, which will ultimately be charged to and paid by plaintiff, and in addition thereto plaintiff will be required to expend in excess of seventy-five hundred dollars in preparing for the hearing and trial of said complaint; that the commission's attempt to carry out said orders and fix rates will cause irreparable loss and damage to plaintiff; and that plaintiff has no adequate or complete remedy at law.

Plaintiff's prayer is that the commission, its agents, servants and representatives, be restrained from taking any proceedings whatever under or pursuant to said complaint, from making said appraisement and audit, from taking any further steps whatever in the matter of rates charged or to be charged by plaintiff or interfering with its management and control of said plant, and for general equitable relief.

The commission entered its voluntary appearance and demurred to plaintiff's petition on the grounds that it shows on its face that the court is without jurisdiction of the subject-matter, that it states no cause of action over which the court has jurisdiction, that the Public Service Commission Act vests in said commission exclusive jurisdiction to determine and fix reasonable rates to be charged by a municipally-owned electric light plant, that by the provisions of Section 10522, Revised Statutes 1919, the court is not authorized to enjoin said commission in the performance of its official duties, and that the petition does not state facts sufficient to constitute a cause of action.

This demurrer being overruled and defendant refusing to plead further, the court ordered, adjudged and decreed "that the defendant, its officers, agents, servants and employees, be enjoined and restrained from taking any further proceedings whatever under or pursuant to the application pending before it, filed by certain citizens of Columbia, Missouri; that the defendant be restrained and enjoined from proceeding to appraise or value the physical property of the electric light plant of the city of Columbia; that defendant be restrained and enjoined from auditing the books of said municipal electric light plant of plaintiff; that defendant be restrained and enjoined from taking any further steps of any kind or character touching the matter of rates to be charged or being charged by the city of Columbia for services and current furnished by its municipally-owned electric plant to its patrons at Columbia, Missouri; and that plaintiff recover of and from defendant its costs in this behalf laid out and expended." From this judgment defendant has appealed.

It is apparent that the validity of defendant's demurrer depends upon whether or not in doing the things here sought to be restrained the commission is engaged in the performance of its official duties. If not acting within the scope of its official duties it is proceeding without jurisdiction and may be enjoined. We are thus brought face to face with the sole issue made by the pleadings in the case, to-wit, does the Public Service Commission of the State of Missouri have jurisdiction to determine and fix the rates to be charged by a municipally-owned electric light plant. Respondent denies the

existence of any such jurisdiction, and in stating the case thus epitomizes its reasons which are pleaded at length in the petition:

"First, the wording of the act itself does not confer jurisdiction upon the Public Service Commission to regulate and fix the rates charged by a municipally-owned and operated electric light plant.

"Second, if it be said that the Public Service Commission Act contemplates supervision of municipally owned electric light plants, then it is in conflict with the general laws authorizing cities of the third class to own and operate municipal electric light plants, and the act does not expressly repeal the prior general laws and the wording thereof is not sufficient to repeal them by implication.

"Third, if it be said that the Public Service Commission Act contemplates supervision of municipally-owned electric light plants, then it violates Section 12A, Article 10, of the Constitution of Missouri, which authorizes cities to own exclusively electric light plants.

"Fourth, if it be said that the Public Service Commission Act contemplates supervision of municipally-owned electric light plants, then it is unconstitutional and in violation of Section 7 of Article 9 of the Constitution which provides that the General Assembly shall provide by general law the powers of each class of cities, so that all such municipal corporations of the same class shall possess the same powers and be subject to the same restrictions.

"Fifth, if it be said that the Public Service Commission Act contemplates supervision of municipally-owned electric light plants, then such provision of the act is unconstitutional in that it is in violation of Section 28, Article 4, of the Constitution of Missouri, providing that no bill shall contain more than one subject which shall be clearly expressed in its title."

In State ex rel. v. Public Service Commission, 270 Mo. 429, 442, 192 S. W. 958, it is said that "the Public Service Commission, being a creature of the statute, can only exercise such powers as are expressly conferred on it; and the statute conferring such powers, to authorize action thereunder, should clearly define their limits. Nothing should be left to inference or seek refuge in implication or the exercise of a discretion." The rule of interpretation here applicable is more fully and accurately stated in Public Service Commission v. Frisco Railway, 301 Mo. 157, 165, 256 S. W. 226, as follows:

"The Commission is vested with such powers, and only such, as are conferred upon it by the Public Service Commission Law. [Chap. 95, R. S. 1919.] By that law it is vested with the powers therein expressly conferred and all others necessary and proper to carry out fully and effectually all the purposes of the act. [Sec. 10412, R. S. 1919.]"

To the same effect are State ex rel. Kansas City v. Public Service Commission, 301 Mo. 179, 190, 257 S. W. 462; and State ex rel. Term. Ry. Co. v. Public Service Commission, 308 Mo. 359, 372, 272 S. W. 957.

Sub-section 5 of Section 69 of the Public Service Commission Act (Laws 1913, p. 605) provides (italics ours) that the commission shall:

"Examine all persons, corporations and municipalities under its supervision and keep informed as to the methods, practices, regulations and property employed by them in the transaction of their business. *Whenever the commission shall be of the opinion after a hearing had upon its own motion or upon complaint, that the rates or charges or the acts or regulations of any such persons, corporations, or municipalities are unjust, unreasonable, unjustly discriminatory or unduly preferential or in anywise in violation of any provision of law, the commission shall determine and prescribe the just and reasonable rates and charges thereafter to be in force for the service to be furnished,* notwithstanding that a higher rate or charge has heretofore been authorized by statute, and the just and reasonable acts and regulations to be done and observed; and whenever the commission shall be of the opinion, after a hearing had upon its own motion or upon complaint, that the property, equipment or appliances of any such person, corporation or municipality are unsafe, insufficient or inadequate, the commission shall determine and prescribe the safe, efficient and adequate property, equipment and appliances thereafter to be used, maintained and operated for the security and accommodation of the public and in compliance with the provisions of law and of their franchises and charters."

The foregoing sub-section thus contains an express direction to the commission, in the circumstances indicated, to "determine and prescribe the just and reasonable rates and charges" of municipalities, and the first section (Sec. 67, now Sec. 5188, R. S. 1929) of this article (Art. IV) recites, among other things, that "this article shall apply to . . . the generation, furnishing and transmission of. electricity for light, heat and power, . . ." Sub-sections preceding and subsequent to above Sub-section 5 of Section 69 also indicate supervision by the commission of *municipalities* engaged in manufacturing, distributing and supplying electricity for light, heat or power and in transmitting the same, although the *modus operandi* provided for making valuations and exercising certain other supervisory powers is expressly limited to corporations which are so defined in the act as to exclude municipalities. However, if the fifth reason above assigned by respondent is sound it is dispositive of this case, and it will be unnecessary for us to determine whether the

wording of the act itself, within the rule of interpretation above noted, confers jurisdiction upon the commission to do the things here complained of, or to consider other reasons urged by respondent.

Addressing ourselves, therefore, to this fifth reason, we find that it strikes at the constitutionality of the act insofar as it purports to confer jurisdiction upon the commission to regulate and control municipalities in their manufacturing, distributing and supplying of electricity for light, heat or power and in transmitting the same, and particularly in fixing the rates to be charged therefor. Counsel for respondent contend that because of the restrictive character of the title of the act any attempt in the body of the act to provide for such regulation and control of municipalities by the commission is invalid because in contravention of Section 28, Article IV, of the Constitution of Missouri, which provides that no bill, except general appropriation bills, "shall contain more than one subject, which shall be clearly expressed in its title." The title of the Public Service Commission Act is found on page 556 of the Laws of 1913, and reads as follows:

"AN ACT to create and establish a public service commission, prescribing its powers and duties, and to provide for the regulation and control of public service corporations, persons and public utilities, and to provide penalties for offenses by public service corporations, persons and public utilities, their officers, agents and employees, and by other persons and corporations, and repealing all acts and parts of acts inconsistent with the provisions of this act, with an emergency clause."

The particular objection leveled at this title is that it does not clearly express the subject of regulation and control of municipalities, to some extent dealt with in the body of the act and to which reference has already been made. The general rule of construction is thus stated in 36 Cyc. p. 1029, n. 27: "The title need not express limitations in the body of the act, but where the title is restrictive the act must be also." In State ex rel. v. Edwards, 241 S. W. 945, 950 (Mo. Sup.), we have said that "where the title of an act descends to particulars and details, the act must conform to the title as thus limited by the particulars and details." In State ex rel. v. Hackmann, 292 Mo. 27, 32, 237 S. W. 742, we have thus stated the rule more fully:

"Though subject-matter in an act be such as might constitutionally be enacted under one title, it cannot be so enacted in a particular act unless it be within the subject 'clearly expressed in the title' of such act. [St. Louis v. Weitzel, 130 Mo. 616.] It follows that if the title of an act 'descends to particulars' and states such particulars as

the subject of the act, then not the general subject within which such particulars fall but the particulars stated become the subject stated in the title. In such a case the provisions of the act enactable under such a title must be such as fairly relate to and have a natural connection with, not the general subject which might have been stated, but the subject which is stated, i. e. the particulars set out in the title. [State v. Rawlings, 232 Mo. l. c. 557, 558; State v. Sloan, 258 Mo. l. c. 313, 314; Booth v. Scott, 276 Mo. l. c. 22, 23; Hardware Co. v. Fisher, 269 Mo. l. c. 278; State v. Crites, 277 Mo. 194.] An examination of these decisions and authorities, generally, discloses that the rule is but an application of the maxim, *expressio unius exclusio alterius est;* and if the descent to particulars is sufficiently definite that the express enumeration is affirmatively misleading as to the intent to include others, the other matter so included is not within the title, even though the designation of particulars is preceded by a general title. [1 Lewis's Sutherland on Statutory Construction (2 Ed.) sec. 131.]"

Replying to this objection counsel for appellant say that we should "find that the title to the act, 'An act to create and establish a Public Service Commission, prescribing its powers and duties,' is broad enough to include all the duties and powers given to the Commission by the Public Service Commission Law, . . ." Under the foregoing rule this suggestion can have no application because the title is not confined to any such general statement. It immediately descends to particulars by limiting the objects of "regulation and control" to "public service corporations, persons and public utilities," without mentioning municipalities. Counsel for appellant say that the word "corporations" includes "municipalities," but it seems obvious that "municipalities" are not "public service corporations." Moreover, the act itself (Laws 1913, p. 556, sec. 2) separately defines a corporation, a person, a municipality and a public utility, without any overlapping, as follows:

"The term 'corporation,' when used in this act, includes a corporation, company, association and joint stock association or company.

"The term 'person,' when used in this act, includes an individual, and a firm or copartnership.

"The term 'municipality,' when used in this act, includes a city, village or town.

"The term 'public utility,' when used in this act, includes every common carrier, pipe line corporation, gas corporation, electrical corporation, telephone corporation, telegraph corporation, water corporation and heat or refrigerating corporation, as these terms are defined in this section, and each thereof is hereby declared to be a

public utility and to be subject to the jurisdiction, control and regulation of the commission and to the provisions of this act.''

If the legislative intent was to provide for the ''regulation and control'' of all four of the subjects thus separately defined and distinguished in the act itself, it is fair to assume that the title would have expressly named all four subjects. Certainly, in the light of these definitions, a title that omitted one subject would not be a ''fair forecast of the contents of the bill'' if any of such contents undertook to regulate and control the omitted subject, and such is the status of the act now under consideration. Such a title is obviously misleading and violative of the constitutional provision here invoked. [Barnes v. Kirksville, 266 Mo. 270, 280, 180 S. W. 545; State ex rel. v. Revelle, 257 Mo. 529, 538, 165 S. W. 1084; and St. Louis v. Weitzel, 130 Mo. 600, 616, 31 S. W. 1045.] The title considered in State ex rel. Lorantos et al. v. Terte, 23 S. W. (2d) 120, 324 Mo. 402, relied upon by appellant, is not analogous.

The fixing of rates to be charged by a municipality owning and operating an electric plant is an exceedingly positive and vital form of regulation and control. For the reasons above stated we are constrained to hold that the power to fix such rates has not been validly conferred upon the Public Service Commission, and the judgment is affirmed. All concur.